WILLIAM COVART v. CLARK HASKINS *et al.*

1. JUSTICE OF THE PEACE — *Trial* — *Absence of Defendant.* When a judgment is rendered in a justice's court against a defendant in his absence, it may be set aside under the provisions of § 114, ch. 81, Comp. Laws of 1879. "Absence" as used in that section means that the defendant was not present when the trial was had; it does not necessarily signify that he has failed to appear in the action at any time before trial.

2. CONTINUANCE, *Special Appearance to Ask; Defendant, Absent.* An attorney for defendant, claiming to make an appearance specially, asked for a continuance because the defendant himself was absent, which was refused, and he left the court. The trial was proceeded with. *Held,* That the defendant was absent under § 114, notwithstanding the action of his attorney.

3. ———— *Continuance—Error.* It is error for a justice of the peace to continue an action more than eight days without the consent of a party who is present in court.

*Error from Butler District Court.*

THE opinion states the case.

*F. L. Jones,* for plaintiff in error.
*Shinn & Yeager,* for defendants in error.

Opinion by HOLT, C.: On July 12, 1886, William Covart, as plaintiff, filed his bill of particulars in a justice's court, claiming of the defendants the amount of $228.36. Summons was issued, and the defendants were personally served, and on the 19th day of July all parties appeared in court in person and by their attorneys, when a continuance was had for fifteen days. On the 26th, the defendants filed their set-off by H. A. White, their attorney. At the time set for trial, on the 3d of August, defendants' attorney, White, appeared specially and asked for a continuance on account of the absence of defendants, which was refused, when he left the court. The trial proceeded, and judgment for $164.66 was rendered for plaintiff. On the 7th of August the defendants made application under § 114, chapter 81, to vacate the judgment, which was continued until the 13th, when it was set aside by the justice; whereupon the plaintiff filed his petition in error in the district court, and obtained a temporary restraining order. Upon the 4th day of October following, the petition in error in the district court was dismissed, and the restraining order dissolved. Plaintiff appeared in justice's court and asked for execution upon the judgment of August 3d, and that the subsequent proceedings be dismissed, which was refused; and the justice upon his own motion, without suggestion of either party, continued the case until the 24th day of October. The plaintiff filed his petition in error and transcript in the district court, and at the trial at the January term, 1887, the judgment of the justice's court was affirmed. From that decision he brings the case here for review.

The first question presented to us for consideration is, whether the justice erred in setting aside the judgment of August 3d. The plaintiff claims that §114 has no application to this case; that the defendants were not absent within the purview of that statute, for two reasons: first, because they had appeared in justice's court previously and obtained a continuance; second, because upon the day of the trial their attorney of record appeared and asked for a continuance. We shall examine these objections in their order. The statute provides that when a judgment shall have been rendered against a defendant in his absence, the same may be set aside upon certain conditions. It is admitted that all the conditions specified in §114 were fully complied with by defendants, and the naked question presents itself to us, whether the word "absence" means personal absence of the defendants at the time the trial is had and judgment rendered, or whether it refers to the fact that there has been no appearance at all of the defendants before the court. On the one hand it is claimed that the word "absence" should have its ordinary and usual meaning—not present, withdrawn from the place—and that it refers to the time of the trial of the case and the rendering of the judgment. On the other hand, it is contended that it means that the defendant has not appeared in the case; that "absence" is equivalent to "non-appearance." The latter view of the case is taken by the supreme court of Nebraska in construing a statute precisely like §114. (*Strine v. Kaufman*, 12 Neb. 423.) We are not satisfied with the reasoning of that case, nor inclined to follow it as a precedent. The court held that the word "absence" in their statute is synonymous with "default," and that if there had been no default there had been really no absence. Thus it has been held in that state if there has been a default, there can be no appeal from a judgment rendered; but if the defendant had made an appearance, trial was subsequently had and judgment rendered in his absence, the defendant could appeal. The court held that the words "in his absence" are not to be taken literally, but that "absence" is used as an equivalent to "non-appearance to the action."

1. Trial—absence of defendant. We prefer to give the word "absence" its ordinary definition, and treat it as meaning that the defendants were not actually present at the time of the trial and the rendering of the judgment.

The phraseology of the statute concerning appearance and absence has some significance. It is provided in the matter of service if the defendant "fail to appear" judgment shall not be rendered for a larger amount than is indorsed on the summons. (Justices Code, § 11; see also § 163.) In subdivision 2 of § 113, it is provided that a judgment may be rendered dismissing the action, when the plaintiff "fails to appear" at the time specified in the summons, or within an hour thereafter or upon adjournment. Section 114 immediately following provides "when judgment has been rendered in defendant's absence, it may be set aside," etc. We must believe that "absence" has a different, or at least a more limited meaning than the words "fail to appear;" for it is not deemed sufficient to state generally if the party fail to appear the action pending will be dismissed, but it is specified if he fail to appear at a particular time, naming it, then in that event, judgment of dismissal will be rendered. From these sections cited and others we must believe that the phrase "fail to appear" is used in our statute as equivalent to "default." There is a plain difference in meaning between "default" and "absence;" "default" signifying that there has not been an appearance at any stage of the action by the party in default, while "absence" means that the party was not present at a particular time, naming it. "Default," as used in our statutes, is the antithesis of "appearance," while "absence" is the opposite of "appearance at a specified time." We hold that "absence," as used in § 114, means a failure of the parties to appear at the trial upon which a judgment is rendered.

The appearance of defendants' attorney to ask for a continuance is a more serious question to decide, and upon which we have come to a decision with doubt and hesitation. Plaintiff claims that this was an appearance for defendants at that particular time. Ordinarily that contention would be correct.

If it were not for the wording of the statute we would have no hesitation in so deciding; but it is there provided that it is the absence of the defendant that permits the judgment to be set aside. The attorney for defendants appeared, as he claimed, specially to notify the court that the defendants themselves were absent, and not on account of absent witnesses. This action showed his good faith in asking for a continuance.

2. Special appearance to ask for a continuance. He might have stayed away — failed to appear — and thus been absent himself as well as the defendants. We believe this construction of the statute is in harmony with the provisions of our code, and meets its object and purpose. Under this view the parties are allowed a new trial before the same justice without the delay or expense of an appeal. The fact that defendant is compelled to pay costs or confess judgment for them before judgment is set aside, is usually a sufficient safeguard against vexatious applications for vacations of judgments and rehearings. Of course, if defendants should willfully and designedly absent themselves at the time of trial for the purpose of securing a vacation of a judgment rendered, that would probably bar any right they might have when their absence was not fraudulent and in good faith. We think the justice did not err in setting aside the judgment rendered upon the 3d day of August, 1886.

The parties appeared before the justice upon the 4th day of October, 1886, in this action, and the justice, without the request of either party, continued the case until the 23d; in this we think he erred. The statute provides that

3. Continuance —limit of time. he may continue the case not to exceed eight days, unless by consent of both parties. (Sec. 80.) This continuance was granted without the application of either party, or without the consent of plaintiff; and while we think the justice did not lose jurisdiction of the case, we believe that such continuance, in the face of the statute, is such an error as requires a reversal of the judgment. The fact plainly appears in the record and docket entry brought to this court,.

and is a matter that can be considered by us without a motion for a new trial.

We therefore recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.