WILLIAM F. MARBLE, Appellant, v. JOHN VANHORN, Respondent.

Kansas City Court of Appeals, March 6, and April 3, 1893.

1. Coram Nobis: OFFICE OF. A writ of error *coram nobis* is addressed to the court itself, where the record is, and lies to correct some latent matter of fact unknown to the court, and which, if known, would have prevented the judgment rendered. This writ cannot reach any matter of fact known to the court, for the error in such would be error of law to be remedied by writ of error. Nor can this writ reach matters of fact known to the party at the time of the court's error, for he should have pleaded at such time. Nor can this writ give a new trial on the ground of evidence going to the merits, but undiscovered in time for use at the original trial.

2. ———: RETAXING COSTS: FACTS KNOWN. A writ of error *coram nobis* will not lie to set aside an order retaxing costs, where on the trial resulting in such order plaintiff alleged and showed that the names of certain witnesses had been inserted in a subpœna after it left the clerk's hands, though, as a matter of fact, a legal subpœna was issued and served, as defendant at the time knew, but failed to so inform the court.

*Appeal from the Adair Circuit Court.* — HON. ANDREW ELLISON, Judge.

REVERSED.

*O. D. Jones*, for appellant.

(1) Plaintiff's motion was filed to retax specific costs after the term at which the general judgment was rendered. If the judgment was erroneous it must be resisted by appeal or writ of error. *Monk v. Walker*, 22 Mo. App. 577; *Bosley v. Parle*, 35 Mo. App. 233; *Herson v. Railroad*, 18 Mo. App. 439. (2) The motion filed by defendant is nothing but a motion to retax costs. The relief asked is purely equitable, and cannot be had on a proceeding by motion. *Holden v. Vaughn*, 64 Mo. 588; *Hyatt v. Wolf*, 22 Mo. App. 191; *Lowe v. Smith*, 25 Mo. App. 44. (3) The motion has none of the elements of a "petition for review." *Hyatt v. Wolf*, 22 Mo. App. 191; 2 American & English Encyclopedia of Law, pp. 262–269; 6 American & English Encyclopedia of Law, 771–2. It shows no diligence. Then the writ only goes to facts apparent of record, and not to those that must be made so by bill of exceptions. *Robinson v. Samson*, 26 Me. 11; *Hughes v. Jones*, 2 Md. Ch. 293; *Hotches v. Hotches*, 77 Va. 600; *Maddox v. Apperson*, 14 Lea (Tenn.), 596; *Rawlins v. Rawlins*, 75 Va. 71; *Ward v. Kent*, 6 Lea. (Tenn.), 128. If new evidence is relied on, it must be of such nature the party could not sooner discover it. *Ord v. Noel*, 6 Mad. Ch. 127; *Young v. Keghly*, 15 Ves. 348; *Jenkins v. Brewitt*, 7 Blackf. 329.

*L. F. Cottey*, for respondent.

It is well settled that for an error in fact in the proceedings of a court of record a motion in the nature of a writ of error *coram nobis* will lie to revoke the judgment at any time that the matter is presented to the court by such a motion supported by affidavits or evidence. *Hirsh v. Weisberger*, 44 Mo. App. 506;

*Latshaw v. McNees,* 50 Mo. 381; *Craig v. Smith,* 65 Mo. 536; *Ex parte Gray,* 77 Mo. 160; *Wine Co. v. Scholer,* 13 Mo. App. 345; *Rankin v. Lawton,* 17 Mo. App. 574; *Downing v. Still,* 43 Mo. 309.

ELLISON, J.—This proceeding is founded on a motion in the nature of a writ of error *coram nobis,* whereby it is sought to set aside a judgment retaxing costs in a cause which had been tried. The motion was sustained and plaintiff appeals.

It appears that the costs were retaxed in the original action on the ground, as alleged in the motion and shown on the trial thereof, that the subpœna under which the witnesses (such being the cost in dispute) were summoned was issued in blank, and afterwards filled in. The truth and fact was that a proper order had been left with the clerk for the subpœnaing of these witnesses by name, and that the clerk issued a proper subpœna to the sheriff, duly filled up with the names of the witnesses and otherwise in proper form; that the sheriff served such subpœna on the witnesses, but thereafter lost it. He thereupon got from the clerk a subpœna in blank in which he inserted the names of the witnesses and made his return of service. The action of the clerk and sheriff in getting out the blank subpœna was unknown to this plaintiff, and did not appear at the trial of the motion to retax costs. The blank subpœna was dated the tenth day of January, 1890, and the sheriff's return thereon showed the true date of his service on the witnesses under the original subpœna, viz., January 7, 1890. The question is will the writ *coram nobis* lie in such a state of case?

This writ, and the motion we have in this modern day, as a substitute for it, is addressed to the court itself where the record is and lies to correct some latent matter of fact unknown to the court, and which, if known,

would have prevented the ·judgment rendered. Its most frequent application is to a case where judgment has been rendered against a married woman as though single, an infant as though of age, a dead man as though alive, etc. *(Dugan v. Scott,* 37 Mo. App. 663, and *Pickett v. Legerwood,* 7 Pet. 144, and authorities cited) or, where there has been error in the process or misprision of the clerk. The matter of fact must not have been known to the court, for, if it was known, and yet the court acted erroneously or illegally, it is an error of law in the court, and should in that proceeding be taken to a higher tribunal for reversal, instead of making application to the court itself. 1 Black on Judgments, sec. 300; 1 Freeman on Judgments, sec. 94; *Milan v. Robertson,* 47 Tex. 222; *Hawkins v. Bowie,* 9 Gill & J. 428.

There is another important rule found in this branch of the law, viz.: That where the party complaining knew the fact, or might have known it, and failed to bring it to the attention of the court he cannot afterwards do so. Thus, "A man shall never assign that for error which he might have pleaded in abatement, for it shall be accounted his folly to neglect the time of taking that exception. As, if a *feme covert* bring an action in her own name *per attornatum,* and the defendant plead in bar to the action, he shall never afterwards assign the coverture for error." 3 Bacon's Abridgments, Error, 375.

And so, in keeping with what has been already said, if the matter be once passed upon as an issue, this motion cannot be invoked; for, if it could it would be apparent that there would be no end to litigation. *McKindley v. Buck,* 43 Ill. 488; 1 Freeman on Judgments, sec. 94.

An application of these principles to the facts of this case leads to a reversal of the judgment. The

matter here complained of was an improper retaxing of costs. The retaxing of the costs was founded upon a motion which set out as a fact that the witnesses had attended under a subpœna which had been improperly issued in blank, and the blank had been improperly filled in an unauthorized manner. The defendant here who was resisting that motion must have known the fact that he had ordered the clerk to issue a subpœna in proper form. An inquiry or examination would have found out then what was afterwards ascertained as to the facts surrounding the matter. The plaintiff here, we concede, did not in fact know of what the officers had done in relation to the blank subpœna, and we may assume or concede that, but for the false appearances brought about by the subpœna in blank, the result of the motion to retax would have been different. Yet this result is only like many others in litigation.

It is not the office nor within the purview of a motion in the nature of a writ of error *coram nobis* to give a new trial merely because certain facts in the nature of evidence going to the merits of the case were undiscovered by a litigant in time for use at the original trial. Such evidently is not what is meant by latent matter of fact unknown to the court or party affected. The matter of fact which is meant in this connection is such a character of fact as would, if known, disable the court from rendering the judgment; as if, as before stated, the party was dead or a *feme covert* or a lunatic. It must not be understood that the function of a motion of this nature is to operate like a motion for a new trial.

But the latent fact unknown to the court may consist in some matter of process or misprision or default of the clerk, and such counsel assert the act of the clerk in this case to be. The mere irregularity of

the process or the misprision of the clerk will not avail in this proceeding if it was known to the party affected, or if it was a matter involved in the litigation. For in the one case the party cannot afterwards complain, as if he was returned as being duly summoned when he was not, yet appears to the action. And in the other case the court has passed upon the question, and thus made of it an error of law. Now the very matter involved and in litigation on the original motion to retax the costs was the legality of the blank subpœna, and the fact that there was in truth another proper subpœna was simply unknown evidence going to the *merits* of the controversy on the facts. *Richardson v. Jones*, 12 Gratt. 53.

Our opinion is that plaintiff cannot, within proper legal principles, obtain relief in this proceeding, and we, therefore, reverse the judgment, without prejudice to plaintiff. All concur.