MARION ASBELL v. THE STATE OF KANSAS.

No. 11,744. (61 Pac. 690.)

1. CORAM NOBIS— *Office of the Writ.* The office of the writ of error *coram nobis* is to bring to the attention of the court, for correction, an error of fact—one not appearing on the face of the record, unknown to the court or the party affected, and which, if known in season, would have prevented the rendition of the judgment challenged.

2. ——— *When not Available.* The writ supplements, but does not supersede, the remedy provided in the code for the granting of new trials or the correction of errors. It is not available where the facts complained of were known before the trial, and where advantage could have been taken of the alleged error at the trial; nor does it lie to correct an adjudicated issue of fact.

14—62 KAN.

3. ——— *False Testimony — Newly-discovered Evidence.* The remedy cannot be invoked on the ground that an important witness testified falsely about a material issue in the case; nor can newly-discovered evidence, going to the merits of the case, be used as a basis for the writ.

Error from Labette district court; A. H. SKIDMORE, judge. Opinion filed July 7, 1900. Affirmed.

*Nelson Case*, for plaintiff in error.

*Francis M. Brady*, county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J. : This was an application for a writ of error *coram nobis.* The applicant, Marion Asbell, was charged with the felonious killing of his wife and convicted of murder in the first degree. He appealed to this court, where, after a full examination of numerous assignments of error, the judgment of conviction was affirmed. (*The State v. Asbell*, 57 Kan. 398, 46 Pac. 770.) Afterward he attempted to bring a proceeding in the district court against the state to obtain a new trial, but it was held that the state, being a sovereign power, could not be subjected to suits by its citizens without an express statutory waiver of its right of exemption, and, there being no waiver, the proceeding was therefore dismissed. That ruling was brought to this court for review, and affirmed. (*Asbell v. The State*, 60 Kan. 51, 55 Pac. 338.) Still later the present proceeding was begun, and the grounds alleged for the writ of error *coram nobis*, briefly stated, are :

1. That from the filing of the information against Asbell until he was convicted the belief existed among the people of the county that he was guilty of the charge ; that such intense feeling existed againt him,

and so much prejudice, as to render it impossible to have a fair and impartial trial in the county.

2. That during the trial mob violence against him was threatened, and combinations of persons made to take him from the officers of the law and kill him, causing a suppression of feeling which might have existed in his behalf ; and the petitioner states that he is informed and believes that these things affected the jury and caused them to render a verdict against him.

3. That by reason of the intense feeling and of threats, a witness gave false testimony against the defendant, upon which he was convicted, and without which he might been have acquitted.

4. That the bailiff in charge of the jury, during the time of their deliberations, was guilty of misconduct, by entering the jury-room and conversing with the jurors, and a belief is expressed that he conveyed to the jury information of the intense feeling existing against the defendant, and that nothing but a verdict of guilty would be received.

5. That during the progress of the trial, and without the knowledge of the defendant, the body of his deceased wife was exhumed and a *post mortem* examination made by a number of physicians and surgeons residing in the county, some of whom testified in reference to the wound found on the body, and gave opinions as to the manner in which the wound was inflicted and death caused—that is, whether it could have been done by the defendant or resulted from suicide ; that a witness who assisted in the *post mortem* examination had since made a careful microscopic examination of the scalp, where the wound was inflicted, and of the brain, through which the bullet passed, and developed facts inconsistent with the theory of the

state; that such firing could not have been done by the defendant, but that death must have resulted from suicide; that such evidence could not have been produced at the trial of the cause, and was not known until long after the judgment of conviction; and the petitioner avers that he is informed and believes that this evidence is material and sufficient to justify a verdict of acquittal.

There is a further averment that the new evidence and matters referred to in the fourth and fifth grounds were without his knowledge and beyond his reach until after his conviction and confinement in the penitentiary.

On a motion to dismiss, the district court held, in a written opinion, that the facts stated in the application did not warrant the granting of the relief sought, and the proceeding was thereupon dismissed. The petitioner alleges error, and brings the case here upon a transcript of the record.

If the common-law remedy invoked can be obtained on the grounds alleged here, there is little certainty in judicial proceedings and little finality in the judgments of courts. The petitioner asks for a consideration of matters which were, or should have been, known to him—matters involved in the issues that were adjudicated in the district and supreme courts. It has been held that our courts have power to issue writs in the nature of *coram nobis*. (*The State v. Calhoun*, 50 Kan. 523, 32 Pac. 38, 18 L. R. A. 838.) But to give this remedy the scope claimed in behalf of the petitioner would be to substitute a somewhat obsolete writ for a simple and summary procedure specifically provided by statute. Our code provides how errors may be corrected in the courts in which they occur, and to the extent that provision is so made it is nec-

essarily exclusive of common-law writs and procedure. This writ, instead of superseding the statutory provisions, is only employed in aid of them, or where the statute fails to afford a remedy. (*The State v. Calhoun*, supra.)

In *Sanders v. The State*, 85 Ind. 318, after holding that there was power in the courts to issue such writs, it was said:

"The writ cannot be so comprehensive as at common law, for remedies are given by our statute which did not exist at common law—the motion for a new trial and the right of appeal—and these very materially abridge the office and functions of the old writ. These afford the accused ample opportunity to present for review questions of fact, arising upon or prior to the trial, as well as questions of law; while at common law the writ of error allowed him to present to the appellate court only questions of law. Under our statute all matters of fact reviewable by appeal, or upon motion, must be presented by motion for a new trial, and cannot be made the grounds of an application for the writ of *coram nobis*. Within this rule must fall the defense of insanity, as well as all other defenses existing at the time of the commission of the crime. Within this rule, too, must fall all cases of accident and surprise, of verdicts against evidence, of newly-discovered evidence, and all like matters."

The function of the common-law writ is to bring to the attention of the court for correction an error of fact—one not appearing on the face of the record, unknown to the court or party affected, and which, if known in season, would have prevented the judgment which is challenged. The death of a party pending the suit and before judgment; infancy, where the party was not properly represented by guardian; coverture, where the common-law disability still exists; insanity at the time of the trial; and a plea of

guilty, where a person claiming innocence is compelled, by fear of a mob, to enter it, are instances where the writ has been employed. (5 Encyc. Pl. & Pr. 27, and cases cited.) As stated in the written opinion of the learned trial judge, "it cannot reach any matter of fact known to the court, for such would be error of law, and might be remedied by writ of error. Nor can the writ reach matters of fact known, or which by the exercise of reasonable diligence could have been known, to or by the party making the application at the time of the court's error. Nor can the writ give a new trial on the grounds of evidence going to the merits, but undiscovered in time for use on the original trial, or newly-discovered evidence."

The first ground upon which it is sought is, in brief, that such intense excitement and popular prejudice existed at the time as to prevent a fair trial. It is not alleged in the application for the writ that this was an unknown fact at the time of the trial, nor that it was not known in time to have been taken advantage of by an application for a change of venue or a continuance of the cause. Waiving the insufficiency of averment in the application for the writ, it appears from the record that the defendant was aware of the condition of the public mind toward him before the trial was had, and the claim that there was such popular passion and prejudice against him as to prevent a fair trial was brought to the attention of the court before the trial was begun. In an application for a continuance, it was alleged that there was great indignation in the community toward the defendant, and that there were such excitement and passion as to prevent a fair trial. On the showing made, the trial court refused the continuance and reviewed the matter again on the motion for a new trial; and this re-

fusal was assigned for error in this court, where the subject was again examined and a decision made against the claim of error. Thus we see that the matter was not only brought to the attention of the court, but that it was considered and adjudicated by the trial court as well as by the supreme court. As we have seen, the remedy is not available where the facts complained of were known before the trial, and where advantage could have been taken of the alleged error at the trial. Nor does it lie to correct an adjudicated issue of fact. (*Howard v. State*, 58 Ark. 229, 24 S. W. 8; *Marble v. Van Horn*, 53 Mo. App. 361; *Milam Co. v. Robertson*, 47 Tex. 222; *The Second Ward Bank v. Upham and another*, 14 Wis. 596; *Hillman v. Chester*, 12 Heisk. [Tenn.] 34; *Holford v. Alexander*, 46 Am. Dec. 253, and note; *Jackson v. Milson & Coe*, 6 Lea [Tenn.], 514; 3 Bacon's Abridg., Error, 375; 5 Encyc. Pl. & Pr. 29.)

The second ground alleged in the application for the writ differs but little from the first, and that it is insufficient is apparent from the rules already stated and the authorities that have been cited.

The third ground is that under duress an important witness for the state gave false testimony, without which it is alleged the verdict of guilty could not have been had or upheld. The credibility of this witness and the truth or falsity of her testimony were issues of fact in the original trial, and, having been once passed upon, the remedy of a writ of error *coram nobis* cannot be used. (*Howard v. State*, supra; *State, ex rel. Davis, v. Superior Court*, 15 Wash. 339, 46 Pac. 399; *John M. Bigham v. David Brewer*, 4 Sneed [Tenn.] 432.)

The fourth ground relates to the state of public feeling against the defendant and the effect of the

same on the verdict of the jury. In effect, it is only a statement of how the public feeling was communicated to the jury, and the matter of popular prejudice was an issue involved in the original action. Presumably, the bailiff, being a sworn officer of the court, did his duty, and if he was guilty of misconduct it is not alleged, nor does it appear that it could not have been taken advantage of either at the trial or on the motion for a new trial.

The basis of the fifth and final ground is no more than newly-discovered evidence of a cumulative character on the most prominent issue involved in the original trial. The theory of the defense was that Mrs. Asbell, in a fit of despondency, committed suicide, and testimony as to the position of the body and the character and condition of the wound was given. It is now claimed that a microscopic examination of the scalp, where the wound was inflicted, and of the brain, through which the bullet passed, was inconsistent with the testimony offered in behalf of the state, and indicated that her death must have resulted from suicide. As will be observed from the opinion in *The State v. Asbell*, 57 Kan. 408, 46 Pac. 770, medical experts examined the wound and testified as to its appearance and character. Other expert testimony as to the effect of a gunshot when the weapon is held near the head or flesh was offered, and opinions were given as to whether the pistol which made the wound was fired close to the head or from a considerable distance. It therefore appears that the newly-discovered evidence relates to one of the adjudicated questions of fact in the case, and that it is merely cumulative in character. It is well settled by the authorities that an error of fact, which may be used as a basis for a writ of error *coram nobis*, does not consist of new

evidence going to the merits of the case and which was undiscovered in time for use at the original trial. In *Howard v. State,* supra, it was expressly held that the writ "does not lie on behalf of one convicted of murder, after the time for obtaining a new trial has expired, on the ground of newly-discovered evidence proving that another person committed the crime." See, also, *Marble v. Vanhorn,* supra; *Bigham v. Brewer,* supra; *Thompson's Cases* (Tenn.) 264; 5 Encyc. Pl. & Pr. 29. If judgments rendered, and reconsidered on a motion for a new trial in the district court, and affirmed by the appellate courts, might be set aside because of new evidence alleged to have been discovered since trial was had, it would indefinitely protract litigation, destroy the stability and certainty of judicial proceedings, and open wide the door to perjury and fraud. If the new testimony and recent developments show that the petitioner was wrongly convicted, it furnishes a basis for an application to the pardoning power, but does not warrant the granting of a writ of error *coram nobis.*

The judgment of the district court will be affirmed.