TOLBERT HAMLIN v. THE STATE OF KANSAS.

Nos. 13,178, 13,399.     (74 Pac. 242.)

SYLLABUS BY THE COURT.

1. CORAM NOBIS—*When Not Available.* A writ of error *coram nobis* is not available to review an adjudicated issue of fact where the error, if any, was open to correction upon a motion for a new trial or upon appeal to a higher court.

2. ——— *False Statements by Jurors Insufficient.* The writ will not lie from a decision in a criminal prosecution holding members of a jury to be qualified, although it is alleged that the jurors made false statements as to their qualifications, and also that defendant had no knowledge of their prejudice against him until long after the motion for a new trial had been made and overruled.

Error from Barber district court; P. B. GILLETT, judge. Opinion filed November 7, 1903. Affirmed.

*G. M. Martin, C. W. Ellis,* and *W. W. S. Snoddy & Son,* for plaintiff in error.

*C. C. Coleman,* attorney-general, *Samuel Griffin,* and *Noble & Tincher,* for The State.

The opinion of the court was delivered by

JOHNSTON, C. J.: These proceedings were brought to obtain a review of a ruling of the district court refusing an application for a writ of error *coram nobis.*

On May 17, 1901, Tolbert Hamlin was convicted upon a charge of statutory rape and the sentence imposed was imprisonment in the penitentiary for a term of ten years.   Upon an appeal to this court the judgment of conviction was affirmed.   (*The State v. Hamlin,* 64 Kan. 888, 68 Pac. 1133.)

In his petition for the writ he alleged that two members of the jury that found him guilty stated upon their *voir dire* that they had not formed or expressed an opinion on the merits of the case and had no prejudice against him.   There was a further statement that he believed that they swore falsely in that examination, as they had formed and expressed an opinion which was adverse to the defendant, and had stated in substance that defendant ought to be hung for the crime with which he was charged.   There was a further averment that he had no knowledge or means of knowing that these jurors were prejudiced against him until four months after the conviction, when he learned of it.   The trial court rightly held that the averments of the defendant, accepted as true, did not entitle him to the extraordinary remedy sought.

*Coram nobis* is available as a remedy in this state, but not to the extent that it was at common law.   The code specifically provides for the correction of errors in the trial court, and any errors or matters which may be corrected on motion in that court, or upon appeal in this court, cannot be made the grounds of an application for a writ of *coram nobis.*   It was said in *Asbell v. The State,* 62 Kan. 209, 212, 61 Pac. 690 :

"Our code provides how errors may be corrected in the courts in which they occur, and to the extent that provision is so made it is necessarily exclusive of common-law writs and procedure.   This writ, instead of superseding the statutory provisions, is only em-

ployed in aid of them, or where the statute fails to afford a remedy."

The qualification of jurors was one of the matters which was tried and adjudicated in the district court; and the rulings of trial courts on these questions are frequently the subjects of review in this court. The qualification of the two jurors alleged to have been disqualified was considered by the trial court and its determination was open to review and reconsideration in that court on a motion for a new trial. At common law no new trial was authorized or allowed in cases of felony, and hence the writ of *coram nobis* was the only method of correcting a matter of fact. The procedure provided by our code largely supersedes that writ, and a question of fact, such as the qualification of a juror, adjudicated in the district court, and open to correction upon a motion for a new trial or upon appeal here, if error be made, does not fall within the scope of the common-law writ, although the question may have been wrongly decided.

We agree with counsel for plaintiff in error that if the jurors had preconceived opinions on the merits of the case which they had publicly expressed they were totally disqualified to act in the case, and if this matter had been brought to the attention of the court as the statute provides it would have afforded sufficient ground for a new trial. Plaintiff says that he was deceived and misled by the false statements of the jurors when they were examined as to their qualifications, and therefore he had a right to ask for this unusual remedy. The statements, however, if false, afforded no greater reason for the employment of this remedy than if the witnesses who testified against the defendant had given false evidence as to his guilt. In *Asbell v. The State*, supra, it was said :

"The remedy cannot be invoked on the ground that

an important witness testified falsely about a material issue in the case ; nor can newly-discovered evidence, going to the merits of the case, be used as a basis for the writ.''

See, also, *The State v. Calhoun*, 50 Kan. 523, 32 Pac. 38, 18 L. R. A. 838, 34 Am. St. Rep. 141 ; *Dobbs v. The State*, 63 id. 321, 65 Pac. 658, and *Asbell v. The State*, supra, and cases there cited.

The rulings of the court will be affirmed.

All the Justices concurring.