No. 23,582.

THE STATE OF KANSAS, *Appellee,* v. LAWRENCE CHOQUETTE, *Appellant.*

SYLLABUS BY THE COURT.

1. CORAM NOBIS—*Not Available—False Statements of Juror on His Voir Dire.* A writ of error *coram nobis* will not lie from a judgment of conviction in a felony case because one of the jurors made false statements concerning his qualifications, although it is alleged that the defendant had no knowledge of the false statements and could not discover that they were false until after sentence had been pronounced.

2. SAME. That a juror gave false answers concerning his prejudice against a defendant on trial in a felony case is not a fact which, if it had been known to the court, would have prevented a verdict of guilty and judgment thereon, although a new trial might have been compelled if the matter had been presented to the court in a motion therefor.

Appeal from Marshall district court; FRED R. SMITH, judge. Opinion filed November 12, 1921. Affirmed.

*Edgar Bennett,* of Washington, and *P. G. Wadham,* of Marysville, for the appellant.

*Richard J. Hopkins,* attorney-general, and *Walter T. Griffin,* county attorney, for the appellee.

The opinion of the court was. delivered by

MARSHALL, J.: This is an appeal from an order denying an application for a writ of error *coram nobis.*

The defendant was convicted of three felonies charged in one information. On the examination of one of the jurors concerning his qualifications, he testified in substance that he had not formed any opinion concerning the guilt or innocence of the defendant. The juror was not asked whether he had expressed any opinion concerning that matter, although he was examined at length.

The verdicts of guilty were returned March 3, 1921, and on March 4, judgment was pronounced; but the court, before sentencing the defendant, asked his counsel if they desired to file a motion for new trial; they informed the court that they did not; and no such motion was filed. On March 5, one of the attorneys for the defendant was informed that the juror mentioned had said, on the day the trial was commenced and on leaving his home to attend court as a juror, that he would send the defendant to the penitentiary for life if he had anything to say about it. The application for the writ was filed on March 8, and was heard on March 23 and 24. All the proceedings in the action occurred at the February term of the district court of Marshall county.

The application alleged that the defendant did not know and had no way of discovering the bias or prejudice of the juror, and did not discover the same, and could not with due diligence have discovered it so as to present it in a motion for new trial.

1. This case is concluded by *Hamlin v. The State,* 67 Kan. 724, 74 Pac. 242, where this court said:

"A writ of error *coram nobis* is not available to review an adjudicated issue of fact where the error, if any, was open to correction upon a motion for a new trial or upon appeal to a higher court.

"The writ will not lie from a decision in a criminal prosecution holding members of a jury to be qualified, although it is alleged that the jurors made false statements as to their qualifications, and also that defendant had no knowledge of their prejudice against him until long after the motion for a new trial had been made and overruled." (Syl. ¶¶ 1, 2.)

In *Asbell v. The State,* 62 Kan. 209, 213, 61 Pac. 690, the following language is quoted from *Sanders v. The State,* 85 Ind. 318:

"Under our system all matters of fact reviewable by appeal, or upon motion, must be presented by motion for new trial, and cannot be made the grounds of an application for the writ *coram nobis.*" (p. 329.)

2. Another reason for not reversing the judgment of the trial court is that—

"The application for a writ of error *coram nobis* must show that, if the facts upon which the error is predicated had been presented to the trial court, the judgment complained of could not have been entered." (*Dobbs v. The State,* 63 Kan. 321, 65 Pac. 658, syl. ¶ 3.)

(See, also, *Asbell v. The State,* 62 Kan. 209, 61 Pac. 690; *Collins v. The State,* 66 Kan. 201, 203, 71 Pac. 251; *Sanders v. The State,* 85 Ind. 318, 326.)

The matters that may be properly presented in an application for a writ of error *coram nobis* are such that, if presented, would have prevented a conviction, not such as, if presented and overruled, would compel a reversal of the judgment and a new trial because of error committed. The prejudice of the juror was not a fact that entered into the guilt or innocence of the defendant and would not have prevented the judgment if it had been made known to the court on the examination of the juror. If the question had been presented, the juror would probably have been excused, the trial would have proceeded with another juror, a verdict of guilty might have been returned, and sentence could have been properly pronounced on that verdict. The matters alleged were not such as would have prevented a conviction and judgment. They were matters that were open to correction on a motion for new trial or on appeal to this court; and although such matters were not known until after sentence was pronounced, too late to be presented on a motion for a new trial or on an appeal, they were not sufficient to compel the court to grant a writ of error *coram nobis.*

The judgment is affirmed.