RUFUS CHESSER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion Filed October 16, 1926.

1. The matters that may be properly presented in an applications for a writ of error *coram nobis* are such as, if presented, would have prevented a conviction; not such as, if presented and overruled would compel a reversal of the judgment and a new trial because of error committed.

2. The prejudice of a juror was not a fact that entered into the guilt or innocense of the defendant, and would not have prevented the judgment if it had been made known to the court on the examination of the juror. If the question had been presented, the juror would probably have been excused, the trial would have proceeded with another juror, a verdict of guilty might have been returned, and sentence could have been properly pronounced on that verdict.

3. The writ of *coram nobis* will not lie from a conviction in a felony case because one or more of the jurors on his or their *voir dire* swore falsely concerning his or their qualifications as jurors, although discovery of such prejudice was not made until after conviction.

Petition denied.

*McNamee & Wilson,* Attorneys, for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—The plaintiff in error filed a petition in this Court praying for an order to be directed to the Judge of the Fourth Judicial Circuit of Florida authorizing such judge to entertain an application for a writ of error *Coram Nobis,* the judgment in the cause having been affirmed by this court.

The petition is based on the allegation that a certain juror who qualified and was accepted as one of the panel to try the cause wherein the plaintiff in error was convicted of murder in the first degree had, prior to the time of the trial, expressed an opinion adverse to the accused, which fact, at the time of the trial, was not known to the accused or to his attorney and which the proposed juror concealed from the knowledge of the Court and from the knowledge of the accused and his attorneys.

The history and the office of the writ of *Coram Nobis* are fully discussed in the able opinion prepared for this Court by Mr. Justice Whitfield in the case of Lamb v. State, filed March 1, 1926. And the cases in which the writ had been denied when sought under facts like those alleged in this petition are there cited.

In 36 A. L. R. Notes, beginning on page 1444, citing the case of State v. Choquett, 109 Kan. 780, 202 Pac. 68, and Hamlin v. State, 67 Kan. 724, 74 Pac. 242, it is said:

"Where a part of the jurors swore, on their *voir dire,* that they had not formed or expressed any opinion as to the merits of the case or the guilt of the defendant, and, after the conviction, it was discovered that these jurors had, before the trial, expressed a belief of the defendant's guilt and their determination to convict him, it was held that, although the writ of error *coram nobis* was available

as a remedy in that state, it would not lie in such cases, inasmuch as the proper remedy was a motion for a new trial, as provided for by statute. In the Hamlin case the court states: 'At common law no new trial was authorized or allowed in cases of felony, and hence the writ of *coram nobis* was the only method of correcting a matter of fact. The procedure provided by our Code largely supersedes that writ, and a question of fact, such as the qualification of a juror, adjudicated in the district court, and open to correction upon a motion for a new trial or upon appeal here, if error be made, does not fall within the scope of the common-law writ, although the question may have been wrongly decided.

'The matters that may be properly presented in an application for a writ of error *coram nobis* are such as, if presented, would have prevented a conviction; not such as if presented and overruled would compel a reversal of the judgment and a new trial because of error committed. The prejudice of the juror was not a fact that entered into the guilt or innocence of the defendant, and would not have prevented the judgment if it had been made known to the court on the examination of the juror. If the question had been presented, the juror would probably have been excused, the trial would have proceeded with another juror, a verdict of guilty might have been returned, and sentence could have been properly pronounced on that verdict. The matters alleged were not such as would have prevented a conviction and judgment. They were matters that were open to correction on a motion for new trial or on appeal to this court; and although such matters were not known until after sentence was pronounced, too late to be presented on a motion for a new trial or on an appeal, they were not sufficient to compel the court to grant a writ of error *coram nobis*.' "

The writ of *coram nobis* will not lie from a conviction in a felony case because one or more of the jurors on his or their *voir dire* swore falsely concerning his or their qualifications as jurors, although discovery of such prejudice was not made until after conviction. Hamlin v. State, 67 Kan. 724, 74 Pac. 242; State v. Choquett, *supra;* Fugate v. State, 85 Miss. 94, 37 South. Rep. 554; State v. Armstrong, 41 Wash. 601, 84 Pac. 584; Holt v. State, 78 Miss. 631, 29 South Rep. 527.

The above stated rule appears to have been uniformly adhered to by the Courts of England and also by the Courts of the several States of the United States where this extraordinary writ has been held to be an available remedy in proper cases; as is held in this State. The application of the writ for the purpose of obtaining redress in these cases where it was and is intended to apply is wise and salutary, but its scope cannot be extended without grave danger of its becoming a menace to the enforcement of the law, an ever-ready barrier for the obstruction of justice and the vehicle for the escape of the guilty. The Courts and the law-makers of the country should therefore carefully guard the extent of its application and confine it to those well-fixed purposes for which it was originally intended; and beyond which the Courts and law-makers in the past have not allowed its use.

The petition is denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.