No. 29,818.

CHARLOTTE HAMILTON, *Appellee*, v. JACOB BERNSTEIN, *Appellant.*

(299 Pac. 581.)

Opinion filed June 6, 1931.

*Henry M. Griffith,* of Kansas City, Mo., for the appellant.

*Joel E. Osborn, Jr.,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Charlotte Hamilton, of Kansas City, Kan., against Jacob Bernstein, of Kansas City, Mo., to recover damages for injuries sustained in an automobile collision which occurred on Washington boulevard in Kansas City, Kan. She alleged that she was riding with her husband and a young child in a touring car, going west on Washington boulevard, and that defendant, driving east on that boulevard at a high and dangerous rate of speed on the wrong side of the street, without having his car under control or sounding a signal, drove into her car, severely and permanently injuring her and damaging her car, for which she asked damages in the sum of $3,000. She recovered a judgment for $800, and defendant appeals.

He defended with a denial of the charge of negligence and that the collision was caused by the negligence of the plaintiff herself. He appeals on the ground that the judgment was one of default and was taken in his absence and when his attorney was not present. There had been two previous trials of the cause, in each of which a new trial was granted, and the case had been assigned for the third trial on June 2, 1930, and it was the second case on the assignment for that day. The defendant was represented by two attorneys, J. D. Howell, of Kansas City, and the other, Henry M. Griffith, of Kansas City, Mo., the latter being the leading attorney in handling the case. The day before the case was tried, Howell called his associate, Griffith, and informed him of the assignment for trial on the following day. Griffith informed him he would be engaged in a trial in a court in Missouri, and that he had not yet obtained a transcript of the evidence in a former trial, which he desired, and that Howell should request a postponement of the trial. Early on June 2, 1930, the case was reached and called for trial. Plaintiff announced that she was ready for trial. Howell was present and requested the passing of the case as his associate Griffith had suggested, and this being denied he then made an effort to telephone Griffith, but did not succeed in reaching him. Counsel for plaintiff suggested that Howell proceed with the trial, but he declined to do so and when the postponement was refused he left the court room, and the trial then proceeded to a judgment for plaintiff. Later both attorneys joined in a motion to vacate and set aside the judgment and for a new trial, both of which were denied.

Defendant asked that the judgment be vacated on the ground that it was rendered in violation of rule 31 of the supreme court relating to matters of procedure in the district courts, which provides:

"In all causes or matters in which adverse counsel has appeared of record, no default judgment shall be rendered except upon motion and the giving of at least a three days' notice to such adverse counsel of the hearing thereof." (Revision of Rules, in the Supreme Court, September 1, 1929.)

There was no lack of authority in the court that prescribed the rule. Aside from the inherent power of the supreme court to make rules governing procedure, there is the legislative provision that:

"The judges of the supreme court may make and amend from time to time, such further rules for the regulation of procedure in the supreme court and inferior courts, consistent with this code, as they may deem proper." (R. S. 60-3825; *Craig v. Craig,* 110 Kan. 13, syl. ¶ 1, 202 Pac. 594.)

The power to prescribe rules is not in fact challenged, but it is clear that the rule has no application to the present case. It applies in the taking of default judgments, and the judgment obtained in this case cannot be regarded as a default judgment. Here the matters in controversy were at issue and had been twice tried without reaching a final result. A regular assignment for the third trial had been made of the case of which counsel for defendant had full knowledge. One of the counsel was present in court when the case was called for trial, and when a postponement of the same was refused he left the court room, and the court was well within its discretion when it proceeded with the trial. It was not a judgment taken by default, but was taken in the voluntary absence of counsel. In speaking of a default and of an absence, it has been said:

"There is a plain difference in meaning between 'default' and 'absence'; 'default' signifying that there has not been an appearance at any stage of the action by the party in default, while 'absence' means that the party was not present at a particular time, naming it. 'Default,' as used in our statutes, is the antithesis of 'appearance,' while 'absence' is the opposite of 'appearance at a specified time.' We hold that 'absence,' as used in § 114, means a failure of the parties to appear at the trial upon which a judgment is rendered." (*Covart v. Haskins,* 39 Kan. 571, 574, 18 Pac. 522.)

It is clear that the judgment appealed from cannot be regarded as one rendered upon default. Rule 31 of the supreme court invoked as a ground of setting the judgment aside is not applicable to the situation herein. It is said that Howell, the attorney who was present at the opening of the trial and left the court room when his application for a postponement was refused, was a deputy district clerk and under the statutes was not authorized to practice law in

that county, and further that his employment was only to watch the case and give notice to other counsel as to when it would come up for trial. His name, it appears, was signed to pleadings and he did in fact present the motion for a continuance when the case was called. After the judgment was rendered he joined with his associate and signed the motion asking that the judgment be set aside. He is late in making the claim of a want of authority to appear as an attorney in the case. Even if he was without authority to appear and had not in fact appeared for defendant in the application for a postponement of the trial, the other counsel had full knowledge that the case would be brought on for trial on that day and is not in a position to complain that the court in the exercise of its discretion proceeded with the trial.

The judgment is affirmed.