No. 30,408.

F. A. GIBSON, *Appellee*, v. E. A. ENRIGHT (et al.), *Appellant*.

(9 P. 2d 971.)

Opinion filed April 9, 1932.

*E. A. Enright* and *H. S. Roberts*, both of Kansas City, for the appellant.
*J. E. McFadden* and *O. Q. Claflin, Jr.*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to enjoin the levy of an execution and to set aside a judgment. Judgment was for plaintiff. Defendant appeals.

The facts are brief. On August 23, 1925, appellant here filed a suit to recover money from F. A. Gibson. Gibson did not answer. On September 19, 1927, judgment was taken against Gibson by default. On January 19, 1929, the first execution was issued on the judgment. It was returned bearing the indorsement, "No property found." June 4, 1929, another execution was issued with the same result. On October 17, 1930, another execution was issued. This execution was brought to the attention of appellee here. This action resulted. It should be stated here that appellee is a well-known business man in Kansas City. His office is close to the office of the sheriff and the fact that he owns property amply sufficient to pay the judgment, collection of which is sought to be enjoined, is well known.

In his petition in this case appellee alleged that he was not served with any summons in the case where judgment was taken against him and had no notice of the pendency of the suit or the judgment until he received a letter from an attorney representing appellant here with reference to it a few days before this suit was brought.

The case was tried to the court. At the trial the issue submitted was that of whether F. A. Gibson was served with any summons in the case of *Enright v. Gibson*. Of course, if there was no summons served upon F. A. Gibson, then any judgment based on such a suit is a nullity. It may be ignored or its collection may be enjoined.

The original summons was not produced at the trial. At the argument of the case in this court the statement was made that it had been lost and was found after the conclusion of the trial below. Appellant showed the entries in the appearance docket of the clerk of the district court and entries in the field book of the deputy sheriff who is alleged to have served the summons, and the journal entry of judgment of the district court. All these records show an attempt, at least, on the part of these officials to make a record of personal service. Opposed to this appellee offered evidence to show that he was not within the jurisdiction of the district court of Wyandotte county on the day when he is alleged to have been served personally. He testified that as a matter of fact he was in Colorado on that day and had been there for several days prior to that time. If he was in Colorado, then he could not have been served. The district court saw fit to believe him. The evidence was conflicting, but there was sufficient to warrant the court in reaching the conclusion it did reach. Its finding will not be disturbed.

At the trial of this case the court ascertained from appellee that in case the enforcement of the judgment in this case should be enjoined, he would not raise the defense of the statute of limitations in the original case. In this manner the court is assured that appellee will be enabled to defend the original case on its merits, and appellant will be enabled to present his original case on its merits. In proceedings of this kind there is a great deal of discretion vested in the trial court. No doubt the court considered the entire situation as revealed by the evidence and in the exercise of a wise discretion took the only action that would result in all parties having an opportunity for a determination of their differences in court.

Appellant produced the original summons here with the statement

that it has been found since the trial in the court below. He asks us to receive it in evidence and ascertain the finding of the district court on the strength of it. He asks this under the provisions of R. S. 60-3316. We do not deem the case at bar to be one which calls for action by this court under that section. This subject was treated very well in *Wideman v. Faivre,* 100 Kan. 102, 163 Pac. 619. There the court said:

"The defendants present to this court certain photographs showing the hedge stumps, a blue print purporting to show that the hedgerow is on the defendants' land and not on the plaintiff's, and produce an affidavit of the county surveyor who made these photographs and the blue print. The affidavit narrates that the government stones, which were of sandstone, cannot be found, that the stones which he did find are limestones, etc. Counsel for the plaintiff move to strike these photographs, blue print and affidavit from the files, since they are no part of the record, nor were they presented to or considered by the trial court. Defendants cite section 580 of the civil code as authorizing this practice. It would seem that the scope and limitations of section 580 of the code have been sufficiently explained to the profession to need no discussion here; but it may be repeated that the scope of that section cannot constitutionally extend to include what would be mere cumulative evidence, nor evidence which it would be possible to controvert or dispute in the trial court, nor concerning the effect of which there might be differences of opinion or from which different conclusions could possibly be drawn. This court has jurisdiction of a cause in one of two ways—by an invocation of its original constitutional jurisdiction in mandamus, quo warranto or habeas corpus, or through its appellate jurisdiction where it reviews alleged errors of trial courts. In the former, we may glean the facts with the same freedom and liberality accorded to all trial courts. In the latter, when we sit to review the work of a trial court, we are limited to the record made in that court; and there would never be an end of litigation if first one party and then the other were permitted to pile up further evidence in the appellate court which was never submitted to the trial court or jury. The supreme court's jurisdiction is invariably and exclusively original or appellate. There is never a confusion or blending of both." (p. 107.)

We know of nothing that would add to the force of that language. The judgment of the district court is affirmed.