No. 31,927

F. A. GIBSON, *Appellee*, v. E. A. ENRIGHT, *Appellant*

(37 P. 2d 1017)

Opinion filed December 8, 1934.

*H. S. Roberts* and *E. A. Enright,* both of Kansas City, for the appellant.

*J. E. McFadden* and *O. Q. Claflin,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a ruling of the district court of Wyandotte county denying and dismissing appellant's application for a writ *coram nobis* to set aside a judgment.

The pertinent facts in summary were these: In 1925 this appellant, E. A. Enright, filed an action for money against this appellee, F. A. Gibson. The cause was permitted to sleep on the docket without answer or other plea by Gibson until September 19, 1926, at which time judgment was entered in favor of Enright. On January 19, 1929, execution was issued on the judgment and returned with the indorsement "No property found." Successive executions issued in June, 1929, and October, 1930, were similarly ineffective.

On December 13, 1930, Gibson commenced an action to enjoin the sheriff and Enright from serving further execution and to set aside the judgment entered against him on September 19, 1926, on the alleged ground that he had not been personally served with summons. On March 17, 1931, judgment was entered in favor of Gibson as prayed for. The cause was appealed to this court, and on April 9, 1932, the judgment was affirmed. (*Gibson v. Enright,* 135 Kan. 181, 9 P. 2d 971.)

Some fifteen months later, on July 11, 1933, Enright filed in the district court an application for a writ *coram nobis* to set aside the judgment of March 17, 1931 (affirmed by this court as above), on the ground that the original summons in the action of *Enright v.*

*Gibson* filed in 1925, and which had been mislaid so that it could not be produced in the injunction suit of *Gibson v. Enright* filed in 1930, had been discovered, and that the sheriff's return thereon bore a recital that it had been personally served on Gibson, and in consequence that the secondary evidence which had constrained the trial court's conclusion of fact that personal service had not been made on Gibson was incorrect. The application concluded, in part, thus:

"That there is no remedy available to your petitioner at this time to this miscarriage of justice and destruction of his legal rights except a bill of review sanctioned by the common law or the writ *coram nobis* which he invokes."

Counsel for Gibson filed a motion to strike the application from the files.

The matter came on for hearing on October 7, 1933, and the judgment roll, in part, reads:

"Upon full hearing by the court of the arguments of counsel for both parties . . . the court finds that the application of said defendant for writ *coram nobis* should be denied, and the court also finds that the motion of plaintiff to strike said application from the files should be sustained."

Judgment was entered accordingly, and the matter is brought here for review.

At the outset the obvious inquiry intrudes: Is the common-law writ of error *coram nobis* impliedly included in or consistent with the code of civil procedure in this state? In a single instance it has been successfully invoked in a criminal case and the trial court's allowance of the writ affirmed. (*State v. Calhoun,* 50 Kan. 523, 32 Pac. 38; 34 A. S. R. 141; 18 L. R. A. 838, and note.) In other criminal cases an application for the writ was tolerantly considered, but invariably denied. (*Asbell v. State,* 62 Kan. 209, 61 Pac. 690; *Dobbs v. State,* 62 Kan. 108, 61 Pac. 408; *Dobbs v. State,* 63 Kan. 321, 65 Pac. 658; *Collins v. State,* 66 Kan. 201, 71 Pac. 251; 97 A. S. R. 361, 60 L. R. A. 572; *Hamlin v. State,* 67 Kan. 724, 74 Pac. 242; *State v. Choquette,* 109 Kan. 780, 202 Pac. 68; *State v. Ray,* 111 Kan. 350, 207 Pac. 192.)

No instance of its use in a civil case can, be found in the 140 volumes of our reports, although in the criminal cases above cited this court discussed the writ as if it were not entirely obsolete under our procedure, but that its ancient use, when it was one of the prerogative writs of the King's Bench, had necessarily been curtailed

and largely superseded by the statute which prescribes our code of criminal procedure.

In our code of civil procedure it would seem that every plight which could be relieved through the invocation of a writ of error *coram nobis* can be quite as effectively treated under familiar provisions of the civil code—by motion for a new trial on the statutory grounds (R. S. 60-3001) or by a petition for a new trial if the time to file a motion for a new trial has elapsed. (R. S. 60-3005.) Moreover, the civil code specifically declares:

"The rules of pleading heretofore existing in civil actions are abolished; and hereafter the forms of pleading in civil actions in courts of record, and the rules by which their sufficiency may be determined, are those prescribed by this code." (R. S. 60-702.)

The supreme court is authorized to revise rules of civil practice to supplement the civil code, but any such further rules must be consistent with those which the legislature itself has prescribed. (R. S. 60-3825; *Carnine v. Bacon,* 131 Kan. 643, 647, 648, 293 Pac. 392; *Hamilton v. Bernstein,* 133 Kan. 229, 299 Pac. 581.) As remarked by Chief Justice Doster, in *Collins v. State,* supra, "We cannot invent forms of procedure to relieve unfortunate suitors," and it ought not to be difficult to understand that when the code prescribes the grounds for a new trial, either on motion or on petition, those grounds are exclusive, and litigants seeking relief from a judgment must bring themselves within the provisions of the code—otherwise the judgment must stand. Where the civil code enumerates nine specific grounds on which a judgment may be vacated, those *nine* grounds are exclusive, and the mode of relief is likewise exclusive. We could not add a *tenth* ground, as would result if appellant's application for the writ of error *coram nobis* were allowed. *Expressio unius est alterius exclusio.* Our practice will not permit a litigant to shut his eyes to the plain and pertinent provisions of the code of civil procedure, and substitute therefor the common-law writ *coram nobis,* or any other writ of error which has never been countenanced in the civil practice in the seventy-three years' judicial history of this state. We note that in the single instance, *State v. Calhoun,* supra, where *coram nobis* was allowed to remedy the plight of the defendant in a criminal case, it was predicated, in part, on a provision of the civil code first enacted in 1859, and which is still in force. It reads:

"Rights of civil action, given or secured by existing laws, shall be prose-

cuted in the manner provided for by this code, except as provided in the next section. If a case ever arise in which an action or proceeding for the enforcement or protection of a right, or the redress or prevention of a wrong, cannot be had under this code, the practice heretofore in use may be adopted, so far as may be necessary to prevent a failure of justice." (R. S. 60-3822.)

And while, in view of this provision just quoted, it cannot be dogmatically declared that a proper use of the writ of error *coram nobis* can never arise in our practice, it will not lie to disturb a judgment which has become a finality. Time and again this court has said that a judgment in a civil action may not be interfered with except under authority of some specific provision of the civil code. In *Moore v. McPherson,* 106 Kan. 268, 273, 187 Pac. 884, it was said:

"It is settled law that after the term the court has no control over a judgment; it is then *res judicata,* subject only to the right of appeal and to the right of petition for a vacation of the judgment on any of the particular grounds (and no others) specified in section 596 of the civil code." (Citing many cases.)

In *Thornton v. Van Horn,* ante, p. 568, just decided, it was said:

"'Once the term has gone by, the judgment may not be meddled with, minimized or rendered abortive in any respect except by order of a higher court in a properly appealed case, or by a petition filed in the original case in the trial court, and reciting such facts as would warrant the relief sought, all in conformity with the provisions of the code. (R. S. 60-3005 *et seq.*)'" (p. 571.)

To sanction the use of *coram nobis* to vitiate the judgment in favor of appellee, which was affirmed in this court in 1932, would be to fly in the face of these and many similar decisions. (30 A. L. R. 1416; 33 id. 84; 58 id. 1286.)

Moreover, at common law *coram nobis* would not issue on account of newly discovered evidence, and the original document bearing the sheriff's return in *Enright v. Gibson* can be regarded as nothing else. Neither did it issue at common law merely because more persuasive or convincing evidence had become available than that which had been adduced at the trial. (33 A. L. R. 84.) Another rule of the common law was that a denial of the writ of *coram nobis* was a discretionary matter and not reviewable by appeal. (*Tyler v. Morris,* 20 N. C. 487; 34 Am. Dec. 395.) These common-law rules would be just as pertinent to-day as they were when *coram nobis* was a familiar writ of error in the Court of King's Bench, excepting, possibly, in situations where the modern practice is more zealous to see that justice is done and less concerned with procedural forms than

prevailed before the codes were devised. However, at common law there was—as there is under the modern practice—another end to be served in a lawsuit besides justice, and that is to bring litigation to an end. (*Alexander v. Clarkson,* 100 Kan. 294, 297, 164 Pac. 294.)

In addition to the citations given above, instructive discussions on this general subject will be found in *Sanders v. State,* 85 Ind. 318, 329, and *Strang v. United States,* 53 F. 2d 820. And see 34 A. S. R. 141; 97 id. 362; 107 id. 269; 18 L. R. A. 838; 16 C. J. 1326; 2 R. C. L. 305; 2 Tidd's Practice 1136, 1137; 5 Enc. Pl. & Pr. 26.

In the brief of appellant matters are discussed which do not relate to the propriety of the use of *coram nobis* in this proceeding. They are more in the nature of an argument in support of a rehearing in the case of *Gibson v. Enright,* supra, decided two and a half years ago. And even if so regarded there are observations in the brief which are not strictly *au fait,* particularly in the assumption that the justice who wrote this court's opinion had some peculiar responsibility for our decision not shared by his associates. (*Cook v. Railway and Bridge Co.,* 101 Kan. 437, 165 Pac. 803.)

The judgment is affirmed.