CLYDE HYSLER v. STATE OF FLORIDA.

1 So. (2nd) 628
En Banc
Opinion Filed April 14, 1941

*P. Guy Crews,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—On motion for rehearing on application for

an order for leave to apply to the Circuit Court of Duval County for writ of error *coram nobis* to review the judgment of conviction of petitioner of the offense of murder in the first degree heretofore entered in that court, on grounds stated in the petition, we have denied the petition for reasons as follows:

(a)   This Court may take judicial cognizance of its own records and the record lodged in this Court on the writ of error to the judgment of conviction of the petitioner shows ample evidence to support the judgment of conviction without the aid of the testimony given on that trial by the witness James Baker.

(b)   Writ of error *coram nobis* will not lie because of false testimony given at the trial by important witness. Lamb v. State, 91 Fla. 396, 107 Sou. 535.

(c)   Matters properly presentable for writ of *coram nobis* are such as would have prevented conviction and not such as may have caused a different result.   Chesser v. State, 92 Fla. 754, 109 Sou. 906.

(d)   If witness Baker swore falsely at defendant's trial, that fact was known to petitioner at the time of the trial. Washington v. State, 95 Fla. 289, 116 Sou. 470; Pike v. State, 103 Fla. 594, 139 Sou. 196.

(e)   The allegations of the petition do not show that the prosecuting attorney had any guilty knowledge of the alleged maltreatment of the witness, or that the alleged falsity of the testimony of the witness Baker was known to the prosecuting officer.

(f)   The petition does not show that any alleged maltreatment of witness was inflicted by any officer of the trial court or that same was known to any officer of the trial court.

(g)   The records of this Court, of which we take

judicial cognizance, show that petitioner was convicted on trial held subsequent to the trial and conviction of the witness Baker of the offense of murder in the first degree without recommendation to mercy, and that both trials were conducted on behalf of each defendant by able, diligent and faithful counsel.

(h)   If all petitioner alleges in his petition had been true and had been fully made known to the trial court and to the jury which tried the defendant-petitioner, it would not have precluded the entry of the judgment upon a verdict of guilty of murder in the first degree having been returned by the jury.

So it is, the petition is insufficient to require us to grant same and for such reasons the same was denied and the petition for rehearing is likewise denied.

So ordered.

TERRELL, THOMAS and CHAPMAN, J. J., concur.

BROWN, C. J., dissents.