GEORGE H. DOBBS AND EMELIA NEW v. THE STATE.

No. 11,706. (61 Pac. 408.)

CORAM NOBIS—*Not a New and Distinct Suit.* A writ of error *coram nobis* may be obtained in a criminal proceeding by a motion for the writ and notice thereof served on the county attorney. For such purpose the state is deemed to be still in court, and upon the facts in this case it is *held*, that the motion to obtain the writ is a proceeding in the principal case to which the state was a party, and not a new and distinct suit brought by the defendants against the state.

Error from Greenwood district court; C. W. SHINN, judge. Opinion filed June 9, 1900. Reversed.

*Stowell & Nold*, for plaintiffs in error.

*L. H. Johnson*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was a motion for a writ of error *coram nobis* in a prosecution in Greenwood county of George H. Dobbs and Emelia New, who were convicted of murder on January 24, 1898. The motion, which was accompanied by an affidavit setting forth the reasons for the issuance of the writ, which is designated as an assignment of errors, was filed in the district court on February 25, 1899. At the same time notice of the motion was served on the county attorney of Greenwood county, who subsequently appeared and moved the court to dismiss the motion and proceeding on jurisdictional grounds, namely: (1) That the state is a sovereign power which cannot be sued without its consent, and that no consent has been given; (2) that no service of a sufficient summons has been made upon the state; and (3) that

no bond or security for costs has been given or any sufficient excuse stated for the failure to give the same.

The court sustained that motion and dismissed the proceeding, and the defendants in the prosecution prosecuted proceedings in the court of appeals, and that court certified the case to the supreme court.

It is not denied that the writ of error *coram nobis* is available in cases like the present one, nor is there any attack made on the sufficiency of the averments upon which the application for the writ is based. In fact, the sufficiency of the averments or the merits of the controversy appear not to have been considered or decided by the trial court, but the decision rests alone upon the view that this is an independent proceeding, which cannot be brought against the state without its consent. Treating the writ as an available remedy, as we must, the only question open for review at this time is whether the state was in court and required to answer the motion of which notice was served on the county attorney. If the proceeding is to be regarded as a new suit brought against the state, to obtain a new trial upon one of the statutory grounds, as was done in *Asbell v. The State*, 60 Kan. 51, 55 Pac. 338, the ruling of the trial court was right and should be affirmed. On the other hand, if it is not a new action against the state, but a proceeding instituted by the defendants in the criminal prosecution, as was done in *The State v. Calhoun*, 50 Kan. 523, 32 Pac. 38, 18 L. R. A. 838, the state must be regarded as still in court and subject to challenge by the common-law writ of error *coram nobis*. Manifestly the defendants undertook to follow the procedure employed in the Calhoun case, for, instead of causing a summons to be issued and served, the attention of the state and the

court was again called to the case by a mere motion and the notice of the same.

In entitling the motion the defendants were first named—that is, there was a transposition of the names of the parties to the prosecution. It seems to us that the correct practice in moving for a writ of error *coram nobis* is to retain the title of the principal case, but this practice is not universally followed, as some courts hold that the paper ought not to be entitled in any suit. (5 Encyc. Pl. & Pr. 32.) The important consideration is that the nature of the relief sought by the proceeding shall be clearly stated, and that it shall be institute in the very same case in which the error is alleged to have been committed. Whatever may be the correct practice, the fact that the names of the parties were transposed in the title employed on the motion and other papers hardly justifies the court in treating the application for the writ as a new proceeding wholly apart and distinct from the prose- cution in which the moving parties were convicted. The record of the prosecution was still open; the state was still in court in that case, and was subject to challenge by the defendants' motion for the purpose of obtaining any relief that may be obtained by the writ of error *coram nobis*. The steps taken were sub- stantially those which were employed in *The State v. Calhoun*, supra, and we think that error was commit- ted in holding that the state was not in court and in dismissing the proceeding.

The judgment of the court will be reversed.