Dobbs v. The State.

---

GEO. H. DOBBS AND EMELIA NEW v. THE STATE OF KANSAS.

63  321
666  203

No. 12,012.   (65 Pac. 658.)

SYLLABUS BY THE COURT.

1. CORAM NOBIS— *When the Writ Cannot be Used.*   The writ of *coram nobis* cannot be made the foundation for the examination of an alleged error of fact when, by the exercise of all reasonable diligence, such fact might have been presented to the court at the trial, or upon a motion for a new trial.

2. ———— *Newly-discovered Material Evidence. Insufficient.* Newly-discovered material evidence cannot be made the basis for a writ of *coram nobis*.

3. ———— *What Application Must Show.*   The application for a writ of error *coram nobis* must show that, if the facts upon which the error is predicated had been presented to the trial court, the judgment complained of could not have been entered.

21—63 KAN.

4. ——— *Court Will not Weigh Conflicting Testimony.* Upon an application for a writ of *coram nobis,* the court will not weigh conflicting testimony.

Error from Woodson district court; L. STILLWELL, judge. Opinion filed July 6, 1901 (submitted in May). Division one. Affirmed.

*George L. Miller,* and *Stowell & Nold,* for plaintiffs in error.

*T. C. Turner,* county attorney, and *L. H. Johnson,* for The State.

The opinion of the court was delivered by

GREENE, J.: At the January, 1898, term of the district court of Greenwood county, the plaintiffs in error were convicted and sentenced to the penitentiary for life for the murder of Joseph New. On February 25, 1898, they filed in said court their joint application for a writ of *coram nobis.* The court refused to consider such application and dismissed the proceeding. They prosecuted error to this court, where the order of the court below was reversed and the cause remanded for further proceedings. (*Dobbs v. The State,* 62 Kan. 108, 61 Pac. 408.) A change of venue was granted to the district court of Woodson county, where a demurrer to the application was sustained, and the plaintiffs in error bring the case to this court.

The sufficiency of such application is the only question for our consideration. The facts alleged in the application are, in substance, as follows: The plaintiffs in error were arrested on November 11, 1897, charged with the murder of Joseph New, and were confined in jail and permitted to see but few persons thereafter until their trial, which commenced on January 5, 1898, and therefore could not, with rea-

sonable diligence, have discovered that they could not have a fair trial. The reasons given for believing that they did not have a fair trial are prejudice of the people, and deception and fraud on the part of their attorney. The specific acts of which they complain in this respect are his refusal and failure to ask for a change of venue; to demand for each a separate trial; to exhaust his peremptory challenges; to put the minor children of plaintiff in error Dobbs on the witness-stand to prove an alibi; to permit plaintiffs in error to testify on their own behalf; to place Dobbs's children on the witness-stand to contradict or explain certain damaging testimony against Dobbs; to object to the most glaring errors in the introduction of evidence; to object to the insufficiency of the information, and to file a motion for a new trial.

It will be observed that many of these contentions are mere conclusions, and that all are matters which must be entrusted largely to the honest judgment of counsel defending in a criminal prosecution. In this instance counsel may have had good reasons for conducting the trial as he did. It may be that he knew that a change of venue was not obtainable, or he may have thought that the interests of his clients would be better protected by going to trial in the county of their home and among their acquaintances, and that he could better serve their interests by trying them together. It may be that he did not exhaust all of his peremptory challenges for the reason that, in his judgment, the jurors thus removed would be replaced by others more objectionable. It is undoubtedly true that lawyers, in the exercise of their best judgment, make mistakes, but such cannot be the foundation for a writ of *coram nobis*, nor generally a reason for granting a new trial. Counsel may have properly thought

that the testimony of the minor children would be overthrown by the weight of circumstances, or it is possible that he knew that the state would be able to introduce witnesses directly contradicting them; and the same is true of other evidence which, it is claimed, he refused to introduce upon the trial. It is fair to presume that counsel, after an investigation of the facts and circumstances, adopted what seemed the best theory for the defense, and, having entered upon it, could not inject into his case circumstantial and evidentiary facts which, if disproved, would essentially weaken his entire defense.

The office of the writ of *coram nobis* is to bring to the attention of the trial court, and to obtain relief from, errors of fact from which the error in the first judgment would appear. This writ cannot be used to obtain a review of the facts presented to the court at the trial, or which might have been so presented at that trial by the exercise of diligence. The facts alleged in this application were all either known to plaintiffs in error before the trial commenced or became known to them during the trial, or could, by the exercise of reasonable diligence, have been so known. They could, therefore, have been presented to the court during the trial, or upon a motion for a new trial.

"If a judgment be erroneous in matter of fact and not in matter of law, it may be reversed in the same court by writ of error *coram nobis;* but the error in fact which will render a judgment erroneous must be such as would have prevented the rendition of such judgment if the fact had appeared on the former trial. And the party seeking to avail himself of this remedy must show that it was owing to no negligence on his part that the fact was not made to appear on the former trial; for if, by the exercise of all reasonable

care and diligence, he could have availed himself of the fact on the former trial, then this remedy should be denied him." (*Brigham v. Brewer*, 4 Sneed, 432, 435.)

It cannot be said that, if the above enumerated facts all be true, and the plaintiffs in error had presented them in the proper manner to the court below, they would have prevented the rendition of the judgment in this case, but whether they would cannot be inquired into upon this application.

The common-law writ of *coram nobis* is not entirely obsolete in Kansas, but it is so largely superseded by statutory methods for obtaining a review of the law and facts that its application is limited to those cases not provided for by statute. In *The State v. Asbell*, 62 Kan. 209, 61 Pac. 690, it was said :

"The writ supplements, but does not supersede, the remedy provided in the code for the granting of new trials or the correction of errors. It is not available where the facts complained of were known before the trial, and where advantage could have been taken of the alleged error at the trial."

A further contention is that their attorney in the court below circulated reports derogatory to the character of plaintiffs in error for the purpose of prejudicing the public mind against them. But what these reports were, to whom made, or that they did operate to their injury, we are not informed ; therefore, if such matter were material in this application, we could not consider it, for want of proof of the fact.

Another contention is that, since the trial, one Alvin Ballard, a convict in the penitentiary, has made a confession, in which he states that he and others committed the murder of which plaintiffs in error were convicted, and that they are innocent. There is no showing in

the record or application that Ballard would testify to this fact upon a new trial, or that the facts thus alleged by him could be established by others, or that the statement is true. But, admitting it to be true, it is at most but newly-discovered evidence. It was said by this court in *The State v. Asbell*, supra :

"The remedy cannot be invoked on the ground that an important witness testified falsely about a material issue in the case,; nor can newly-discovered evidence, going to the merits of the case, be used as a basis for the writ."

If the facts alleged in this application could be made available for a writ of *coram nobis*, it would be an easy and absolutely certain way of securing a new trial for the defendant in every criminal case. The statute of limitations does not run against the application. (*The State v. Calhoun*, 50 Kan. 523, 32 Pac. 38, 18 L. R. A. 838, 34 Am. St. Rep. 141 ; *Powell v. Gott*, 13 Mo. 458, 53 Am. Dec. 153.) When time had removed or so scattered the witnesses of the prosecution, or the memory of those who could be obtained had grown dim, a writ of *coram nobis* would result in certain acquittal. A precedent for granting this writ on the grounds alleged in this application, or on similar grounds, has not been called to our attention, and we doubt if one could be found.

Every litigation should have an end, and the law has provided for the defendants in criminal prosecutions simple and easily attainable means by which they may have their cases reviewed in the trial court, as well as in the supreme court, and, when these remedies are pursued to a conclusion, or are waived, the litigation must end.

The judgment of the court below is affirmed.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.