No. 38,805

STATE OF KANSAS, *Appellee*, v. BILL PYLE, *Appellant*.

(248 P. 2d 1086)

Opinion filed October 11, 1952.

*Harold R. Fatzer*, attorney general; *Paul E. Wilson*, assistant attorney general; *Thomas F. Seed*, county attorney, Sedgwick county, and *Robert L. Morrison*, deputy county attorney, Sedgwick county, were on the brief for the appellee.

*Bill Pyle*, *pro se*, was on the brief for the appellant.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal in this case is from an order of the district court sustaining a demurrer to appellant's petition for a writ of error *coram nobis*. From the petition it appears that on October 21, 1935, appellant entered a plea of guilty to an information filed in the district court of Sedgwick county charging him with the crime of forgery and was sentenced to a term in the penitentiary from one to ten years. At that time he was promptly paroled. On July 28,

1936, appellant again entered a plea of guilty to an information filed in the same court charging him with forgery. At that time he was sentenced from two to twenty years in the penitentiary, the normal sentence being doubled by reason of his former conviction, as provided in G. S. 1935, 21-107a. The record further shows that on November 10, 1947, appellant entered a plea of guilty in the same court to an information charging him with forgery, at which time he was sentenced to fifteen years' imprisonment in the penitentiary, as provided by G. S. 1947 Supp. 21-107a, by reason of his two former convictions of a felony in the same court.

In the petition it was further alleged that each of the first two convictions was void for the reason that appellant was without counsel both at the preliminary examination and at the trial, and that the judgment in the case in 1947 was void for the reason that the information did not charge him with being a persistent violator of the criminal law. In a habeas corpus proceedings in which the appellant here was the petitioner the same contentions were made, and this court, in an opinion reported in 168 Kan. 705, 215 P. 2d 157, specifically held that the petitioner was not entitled to the writ of habeas corpus for any of those reasons. The opinion in the case makes it clear that no one of the respective sentences was void for the reasons stated. There is nothing in the petition in this case which would justify this court in reaching a different conclusion.

The appellant further alleged that in the last case he did not have a speedy trial, as required by law, inasmuch as he was arrested for the offense on October 23, 1946, and was tried on November 10, 1947, after a lapse of more than one year. The point is not well taken for the reason that the record further discloses that upon his arrest in 1946 he gave bond for his appearance at the January, 1947, term of court; that on January 13, when that term opened, he did not appear and his bond was forfeited. He was apprehended upon an alias warrant on July 31, 1947, when he was rearraigned and his bond fixed. His case was called for trial on November 10, 1947, at which time he entered a plea of guilty and was sentenced. None of the above points has any substantial merit had it been raised by appeal or in any other manner. None of them is of a charcter that would form the basis of an error *coram nobis*. That writ at common law (rarely used under our statutes), when no appeal or writ of error was provided by statute in criminal actions was for the purpose of reviewing questions of fact, not question of law, which existed but were unknown to the court at the time the sentence was imposed

and which, if known, would have prevented the rendition of the sentence; and, if allowed, the relief granted was a new trial, not a discharge. This was made clear by the following authorities:

*State v. Calhoun,* 50 Kan. 523, 32 Pac. 38;

*Asbell v. State,* 60 Kan. 51, 55 Pac. 338;

*Dobbs v. State,* 62 Kan. 108, 61 Pac. 408;

*Asbell v. State,* 62 Kan. 209, 61 Pac. 690;

*Dobbs v. State,* 63 Kan. 321, 65 Pac. 658.

And see, also, *State v. Miller,* 161 Kan. 210, 166 P. 2d 680, where other earlier cases are cited.

We find no error in the record. The judgment of the trial court is affirmed.