No. 39,515

Application of RALPH D. RUTLEDGE, Applicant for Writ of Error *Coram Nobis, Appellant,* v. GREELEY COUNTY DISTRICT COURT, Its Agents, et al., *Appellees.*

(276 P. 2d 814)

Opinion filed November 13, 1954.

*Ralph D. Rutledge,* pro se, was on the briefs for the appellant.

*Harold R. Fatzer,* attorney general, and *Brainard L. Anderson,* county attorney, were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order and judgment denying an application for a writ of error *coram nobis.*

On December 1948 plaintiff, Ralph D. Rutledge, who was represented by counsel, entered a plea of guilty to burglary in the second degree and grand larceny as charged in an information which had been filed against him in the district court of Greeley County, Kansas. Following proof by the state of four previous convictions of felonies the judge of such court sentenced him to confinement at hard labor in the Kansas State Penitentiary, pursuant to G. S. 1947 Supp., 21-107a, for the rest of his natural life. No motion for new trial was filed and there was no appeal from that judgment. Some five years after being confined in the penitentiary, pursuant to such sentence, plaintiff filed an application in the district court of Greeley County for a writ of error *coram nobis.* Thereafter, and on February 4, 1954, this application came on for hearing before the judge of that court and was ultimately denied. Thereupon, having sought and obtained permission to bring his cause to this court without the advancement of the fee required by Rule 2, plaintiff perfected the instant appeal.

No useful purpose would be served and it would only encumber our records to here detail the application for a writ of error *coram nobis* or the lengthy abstract and brief presented by the appellant in support thereof. It suffices to say that when all such documents

are carefully examined and analyzed it appears that the grounds relied on by appellant for the issuance of the writ are:

1. That he is now confined in the Kansas State Penitentiary under an erroneous and excessive sentence (a) because he was sentenced under the provisions of G. S. 1947 Supp., 21-107a, to life imprisonment, and (b) because the evidence of previous convictions received by the court was not competent.

2. That he was legally incompetent to enter his plea of guilty to the crimes charged against him because some three years prior to entering such plea he had been committed to the State Hospital for the dangerous insane at Larned, which fact was known to the trial court.

3. That he was denied competent counsel to which he was entitled under the provisions of G. S. 1947 Supp., 62-1304.

4. That in sentencing him to the penitentiary the trial court failed to make a record of its judgment in conformity with the provisions of G. S. 1947 Supp., 62-1516.

5. That he was forced to sign a waiver of extradition following his arrest by Kansas officers while in the State of Oklahoma, and forcibly returned to the State of Kansas to answer the charges filed against him in the district court of Greeley County.

At the outset it may be stated this court is committed to the rule (See *State v. Miller,* 161 Kan. 210, 166 P. 2d 680, certiorari denied, 329 U. S. 749, 91 L. Ed. 646, 67 S. Ct. 76; *State v. Pyle,* 173 Kan. 425, 248 P. 2d 1086, certiorari denied, 344 U. S. 915, 97 L. Ed. 706, 73 S. Ct. 338, and decisions there cited) that a writ of error *coram nobis* is not available to raise questions of law or trial errors which might have been raised by appeal. With further reference to the rule, as above stated, it is to be noted that in *State v. Miller, supra,* we held:

"Although the common law writ of error *coram nobis* has not been specifically abolished in this state there remain few, if any, grounds for invoking it, in view of the broad remedies now provided by our comprehensive codes of civil and criminal procedure." (Syl. ¶ 1.)

And in *State v. Pyle, supra,* said:

". . . That writ at common law (rarely used under our statutes), when no appeal or writ of error was provided by statute in criminal actions was for the purpose of reviewing questions of fact, not question of law, which existed but were unknown to the court at the time the sentence was imposed and which, if known, would have prevented the rendition of the sentence; and, if allowed, the relief granted was a new trial, not a discharge. . . ." (pp. 426, 427.)

After a careful examination of the record we are convinced that under the rule laid down in our decisions, which it may be stated we are not disposed to broaden in view of the adequate remedies afforded persons convicted of crimes under our comprehensive codes of civil and criminal procedure, none of the points urged by appellant in his application is of the character required to warrant the granting of a writ of error *coram nobis*. It follows the record fails to establish any sound ground for disturbing the trial court's judgment and it must be affirmed.

It is so ordered.