No. 39,827

WILLIAM H. ENGLING, *Appellant*, v. THE STATE OF KANSAS, *Appellee.*

(290 P. 2d 1009)

Opinion filed December 10, 1955.

*Harold R. Fatzer,* attorney general, *Paul E. Wilson,* assistant attorney general, and *Robert J. Dole,* county attorney, Russell county, were on the brief for the appellee.

*William H. Engling, pro se.*

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from a judgment denying an application for a writ of error *coram nobis.* On May 11, 1951 plaintiff William H. Engling, who was represented by two competent and experienced attorneys, entered a plea of guilty on each of two counts of an information charging murder in the first degree, and on each count was sentenced to life imprisonment in the state penitentiary. No motion for a new trial was filed and no appeal was taken from that judgment.

In June, 1953, plaintiff commenced a proceeding against the warden of the state penitentiary in the district court of Leavenworth county for a writ of habeas corpus. Following a hearing therein, that

court denied the writ and plaintiff appealed to this court. The substance of the petition filed was that the journal entry of conviction was not signed by the sentencing judge, petitioner was sent to the penitentiary without a commitment, no coroner's inquest was held, he was not sentenced to death, he was not ready for trial, perjured testimony was used at the trial, and no complaint or warrant was served at the time of his arrest.

All the questions raised in the appeal were carefully considered by this court and held to be without merit in *Engling v. Edmondson,* 175 Kan. 883, 267 P. 2d 487. Subsequent to the opinion in the mentioned case, plaintiff brought this action in the district court of Russell county alleging substantially the same grounds in his petition for a writ of error *coram nobis.* Inasmuch as those grounds were adequately disposed of adversely to plaintiff in *Engling v. Edmondson,* supra, it cannot be said that they are sufficient to entitle the plaintiff to a writ of error *coram nobis.*

This court is committed to the rule that a writ of error *coram nobis* is not available to raise questions of law or trial errors which might have been raised by appeal. (*In re Rutledge,* 177 Kan. 132, 276 P. 2d 314; *State v. Miller,* 161 Kan. 210, 166 P. 2d 680, certiorari denied, 329 U. S. 749, 91 L. ed. 646, 67 S. Ct. 76; *State v. Pyle,* 173 Kan. 425, 248 P. 2d 1086, certiorari denied, 344 U. S. 915, 97 L. ed. 706, 73 S. Ct. 338, and decisions there cited.)

However, we have again made a careful examination of the record and find that none of the points asserted by plaintiff has any substantial merit, had it been raised by appeal or in any other manner. None of them is of a character that would form a basis for a writ of error *coram nobis.* In any event, no showing was made in the instant case to warrant our disturbing the trial court's judgment, and it must be affirmed.

It is so ordered.