No. 41,780

STATE OF KANSAS, *Appellee*, v. L. W. CHANCE, *Appellant*.

(353 P. 2d 516)

Opinion filed July 2, 1960.

Appellant was on the brief *pro se*.

*Rex Lawhorn*, county attorney, argued the cause, and *John Anderson, Jr.*, attorney general, and *J. Richard Foth* and *A. K. Stavely*, assistant attorneys general, were with him on the brief for the appellee.

The opinion of the court was delivered by

ROBB, J.: Since approximately April 9, 1953, petitioner (appellant) has been serving a sentence in the state penitentiary for the commission of second degree forgery in violation of G. S. 1949, 21-609. The sentence was for not less than one nor more than ten

years. (G. S. 1949, 21-631.) On August 12, 1959, he petitioned the district court of Labette county for the issuance of writs of habeas corpus and error *coram nobis*. The state questioned jurisdiction of the Labette district court since petitioner was in the penitentiary at Lansing, Leavenworth county. The trial court held that it did not have jurisdiction to grant either writ and dismissed the petition. In due time petitioner properly appealed from such dismissal.

The record clearly shows that petitioner is serving a sentence in the state penitentiary at Lansing and his liberty is being restrained by the warden thereof.

Petitioner relies on *Selbe v. Hudspeth*, 175 Kan. 154, 259 P. 2d 204, but that was an original proceeding in this court while here, as already mentioned, petitioner undertook to file his petition in the Labette district court. The rule was stated thus in *Phillips v. Hand*, 183 Kan. 588, 331 P. 2d 291:

"The jurisdiction of the several district courts of this state, and of the judges thereof, in habeas corpus proceedings is confined to their respective districts (Following: *In re Jewett*, 69 Kan. 830, 77 Pac. 567)." (Syl.)

The above rule fully answers petitioner's first claim that the trial court erred in dismissing his petition for the issuance of a writ of habeas corpus because it lacked jurisdiction and compels an affirmance of that court's judgment on this phase of the petition.

The next claim is that the trial court erred in dismissing the petition seeking a writ of error *coram nobis* because of lack of jurisdiction.

The case of *In re Rutledge*, 177 Kan. 132, 276 P. 2d 314, denying a writ of *coram nobis* restated the appropriate rule thus:

"Although the common law writ of error *coram nobis* has not been specifically abolished in this state there remain few, if any, grounds for invoking it, in view of the broad remedies now provided by our comprehensive codes of civil and criminal procedure." (p. 133.)

The following conclusive statement was made in the above opinion:

". . . under the rule laid down in our decisions, which it may be stated we are not disposed to broaden in view of the adequate remedies afforded persons convicted of crimes under our comprehensive codes of civil and criminal procedure, none of the points urged by appellant in his application is of the character required to warrant the granting of a writ of error *coram nobis*." (p. 134.)

See, also, *Engling v. State*, 178 Kan. 564, 290 P. 2d 1009.

The case that requires an affirmance of the trial court's order of dismissal of petitioner's second request for lack of jurisdiction is *State v. Miller*, 161 Kan. 210, 166 P. 2d 680, certiorari denied, 329 U. S. 749, 91 L. ed. 646, 67 S. Ct. 76, wherein the subject of a writ of error *coram nobis* was fully discussed and in comparing it with a writ of habeas corpus the following language was used:

"We . . . note one of the other contentions made by the appellant that the district court of Labette county had no jurisdiction of the petitioner, an inmate of the penitentiary at Lansing, in Leavenworth county, nor of the warden of the penitentiary. Without considering the question at any length attention is called to *In re Jewett*, 69 Kan. 830, 77 Pac. 567, which involved a proceeding in habeas corpus in which the district court of Johnson county had ordered the warden of the penitentiary at Lansing to bring the petitioner before it, in Johnson county, and in which the order had been served upon the warden by the Johnson county sheriff. Under statutes substantially the same as we have now the question of the territorial limits of jurisdiction of district courts was broadly considered and it was held that the 'jurisdiction of the several district courts of this state, and of the judges thereof, in civil matters is confined to their respective districts.' A proceeding for issuance of a writ of error *coram nobis* being civil in character, as is a proceeding in habeas corpus, no reason now appears why the same rule would not apply." (p. 216.)

Judgment affirmed.