No. 43,130

STATE OF KANSAS, *Appellee*, v. HOWARD B. ROBERTSON, *Appellant*.

(378 P. 2d 39)

Opinion filed January 26, 1963.

*Howard B. Robertson, pro se.*

*Michael E. Chalfant*, county attorney, argued the cause and *William M. Ferguson*, attorney general, *Dennis O. Smith* and *Richard J. Rome*, assistant county attorneys, were on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from a judgment denying application for a writ of error *coram nobis*.

On October 4, 1960, appellant Howard B. Robertson, who was represented by a competent and experienced attorney, entered a plea of guilty in the district court of Reno county on an information charging second degree burglary in two separate cases and was sentenced to the Kansas State Penitentiary at Lansing, located in Leavenworth county, where he is presently confined. No motion

for a new trial was filed and no appeal was taken from the judgment in either case.

In July, 1961, appellant commenced this proceeding by filing his petition for a writ of error *coram nobis* with the clerk of the district court of Reno county. Competent counsel was appointed to represent appellant, and a trial was had. Petitioner and respondent both introduced extensive evidence consisting of affidavits, counter-affidavits and oral testimony at the conclusion of which the trial court found that the petitioner failed to establish any right to a writ of *coram nobis*, denied petitioner's application and directed his immediate return to the Kansas State Penitentiary.

At the outset it may be stated that although the writ of *coram nobis* has not been specifically abolished by statute in this state, our decisions leave little, if any, grounds for regarding it other than obsolete. We are not aware of a situation where adequate remedies are not provided by our comprehensive codes of civil and criminal procedure—by motions for a new trial, on any of the many grounds enumerated in the statute (G. S. 1949, 60-3001, 62-1603); for arrest of judgment (G. S. 1949, 62-1605, 62-1606); by petition for rehearing on account of newly discovered grounds for a new trial (G. S. 1949, 60-3005); by proceedings to vacate or modify judgments (G. S. 1949, 60-3007); for vacating a void judgment (G. S. 1949, 60-3009); for appellate review (G. S. 1949, 60-3302, *et seq.*; 62-1701, *et seq.*) and in addition the relief afforded in habeas corpus proceedings (G. S. 1949, 60-2201, *et seq.*). In any event, no showing was made in the instant case to warrant the issuance of a writ of *coram nobis*. Moreover, a writ of error *coram nobis* is not available in any event to raise questions of law or trial errors which might have been raised by appeal. For a full discussion of the mentioned matter see *State v. Miller*, 161 Kan. 210, 166 P. 2d 680, certiorari denied, 329 U. S. 749, 91 L. ed. 646, 67 S. Ct. 76; *State v. Chance*, 187 Kan. 27, 353 P. 2d 516; *In re Rutledge*, 177 Kan. 132, 276 P. 2d 314; *Engling v. State*, 178 Kan. 564, 290 P. 2d 1009, 351 U. S. 941, 100 L. ed. 1467, 76 S. Ct. 839; *State v. Pyle*, 173 Kan. 425, 248 P. 2d 1086, certiorari denied, 344 U. S. 915, 97 L. ed. 706, 73 S. Ct. 338.

The first question that confronts this court is whether the Reno court had jurisdiction to entertain petitioner's application for a writ of error *coram nobis*. Under the common law the proceedings upon an application for such a writ were, like proceedings in habeas corpus, regarded as civil in character. (*State v. Miller*, supra.) Petitioner's application being of such character, the district court of

Reno county had no jurisdiction of the petitioner, an inmate of the Kansas State Penitentiary, nor of the warden of the penitentiary. Under our constitution a district court has no jurisdiction in either habeas corpus or *coram nobis* over persons outside its own district. (*Phillips v. Hand,* 183 Kan. 588, 331 P. 2d 291; *State v. Chance,* supra; *State v. Miller,* supra; *In re Jewett,* 69 Kan. 830, 77 Pac. 567.)

Inasmuch as the district court of Reno county had no jurisdiction to entertain petitioner's application for writ of error *coram nobis,* the appeal must be dismissed. It is so ordered.