No. 43,378

State of Kansas, *Appellee*, v. David Harold Joslin, *Appellant*.

(381 P. 2d 368)

Opinion filed May 11, 1963.

Appellant was on the briefs *pro se.*

*Arthur E. Palmer,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, *J. Richard Foth,* assistant attorney general, and *Robert H. Gale,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from an order of the trial court denying a post-sentence motion by appellant (defendant) to set aside his plea of guilty to the crime of breaking jail and to vacate the judgment of conviction and sentence ordered thereon.

From the record presented by defendant it is difficult to determine what relief he seeks or through what legal procedure he intends to achieve such relief. The trial court accepted his plea of guilty, found him guilty of jail break, and sentenced him to confinement in the state penitentiary for a term of not to exceed three years as provided by G. S. 1949, 21-735. The state filed a motion challenging this court's jurisdiction and seeking dismissal of the appeal, which motion was denied by this court with permission to renew at the hearing on the merits of the case and it was so renewed. Thus the first question to be determined is jurisdictional.

The record shows the trial court's journal entry of judgment was dated February 6, 1962, and that defendant, while represented by court-appointed counsel, P. C. Frazee, a duly-licensed and practicing attorney of Syracuse, Hamilton county, Kansas, entered a plea of guilty to the charge of jail break in violation of G. S. 1949, 21-735, and was convicted and sentenced thereunder. No appeal was taken therefrom and the time for appeal passed under G. S. 1949, 62-1724, which, in short, provides that a defendant may appeal at any time *within six months* from the date of the sentence.

On August 8, 1962, six months and two days after the conviction and sentence, defendant filed a motion denominated "Motion to Vacate and Set Aside Plea of Guilty, Sentence and Judgment." Without evidence or argument the trial court on September 14, 1962, denied this motion. Further, defendant's motion showed on its face that he was in the penitentiary and was seeking an order of the trial court to be brought from such penitentiary to the district court of Hamilton county in order that evidence could be presented. It appears defendant was seeking a writ of habeas corpus but the Hamilton district court was without jurisdiction to entertain such an action for the reason that the warden of the state penitentiary, upon whom service would have to be obtained,

was in Leavenworth county which, of course, is outside the jurisdiction of the Hamilton district court. (*State v. Chance,* 187 Kan. 27, 28, 353 P. 2d 516.) From the motion of defendant it might be inferred he was seeking to obtain relief by the issuance of a writ of error *coram nobis,* but that could not be available to him because he, too, was in Leavenworth county and the Hamilton district court had no jurisdiction over him and, therefore, the motion could not be entertained by that court for the purpose of obtaining either writ. (*State v. Chance,* supra, pp. 28, 29; *State v. Robertson,* 190 Kan. 775, 378 P. 2d 39.) It follows that since the trial court had no jurisdiction of the proceeding, this court acquired none on an appeal from the trial court's dismissal thereof.

In order to afford defendant every possible benefit, we have also considered the present appeal as having been taken from the original conviction and sentence. However, the appeal was not filed with this court until October 8, 1962, which was out of time. We do not deem it necessary to consider the statement of counsel for the state that at the time of hearing defendant had received and accepted a parole on his present sentence.

We conclude defendant has failed to show that his substantial rights have been prejudicially affected or that the trial court in any manner erred in dismissing his motion for lack of jurisdiction.

Appeal dismissed.