No. 44,365

Langdon Woods Chance, *Appellant*, v. State of Kansas, *Appellee.*

(422 P. 2d 868)

Opinion filed January 21, 1967.

*Glenn Jones,* of Parsons, argued the cause and was on the brief for the appellant.

*Rex Lawhorn,* County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is a proceeding instituted pursuant to K. S. A. 60-1507. Appeal has been duly perfected by the petitioner from an order of the district court of Labette County entered on the 21st day of June, 1965, overruling the petitioner's motion to vacate his sentence.

The underlying question is whether the record in the criminal proceeding which resulted in the petitioner's conviction and sentence in the district court of Labette County is sufficient to disclose compliance with the provisions of G. S. 1949 (now K. S. A.) 62-1304.

The pertinent facts are that on the 9th day of April, 1953, the petitioner (appellant) was sentenced by the district court of Labette County, Kansas, to the Kansas State Penitentiary for one to ten years upon his plea of guilty to a charge of second degree forgery.

He later filed a petition for writ of habeas corpus and writ of *coram nobis* in the Labette County district court while still incarcerated in the state penitentiary. The district court denied the petitioner's writ on the ground that it, the Labette County district court, did not have jurisdiction. On appeal this court affirmed the decision in *State v. Chance*, 187 Kan. 27, 353 P. 2d 516.

Upon completing the sentence imposed by the district court of Labette County the petitioner was released.

Thereafter in 1958 the petitioner was sentenced by the Linn County district court to fifteen years in the state penitentiary upon his plea of guilty to burglary in the second degree and attempted larceny. In so doing the district court of Linn County invoked the provisions of the habitual criminal act, G. S. 1949 (now K. S. A.) 21-107a. The two prior convictions upon which the sentence was based were a prior conviction of a felony in federal court and the Labette County conviction above referred to.

In the year 1965 the petitioner filed a motion to vacate the Linn County judgment and sentence raising various questions, among which was one challenging the validity of the Labette County conviction on the ground that the district court of Labette County failed to find that the appointment of counsel (having been waived by the petitioner) would not be to the petitioner's advantage. The district court of Linn County denied the motion, and on appeal this court affirmed in *Chance v. State*, 195 Kan. 711, 408 P. 2d 677. The district court of Linn County, in answer to the foregoing question asserted by the petitioner, said it " 'should not in a collateral proceeding attempt to determine the validity of the action taken by the Labette County District Court. If petitioner is successful in his direct attack upon the judgment in Labette County District Court, the matter can again be raised in this court by a subsequent motion, and leave is granted to file such successive motion in the event of such determination.' " (p. 716.)

The Supreme Court in that opinion quoted in full the memorandum decision of the trial court which included findings of fact and conclusions of law, and held the contentions of the petitioner

to have been correctly disposed of by the trial court through its decision, and therefore *adopted* the decision of the trial court upholding the judgment of conviction of the Linn County district court.

The instant proceeding is therefore designed as the petitioner's direct attack upon the judgment of the Labette County district court. By this proceeding he challenges the validity of the judgment used by the Linn County district court as a prior conviction upon which to enhance the penalty under the habitual criminal act.

When the petitioner was brought to trial in the district court of Labette County he waived his right to counsel and entered a plea of guilty. The record discloses, and the state concedes, the journal entry of conviction entered by the district court of Labette County contains no recital of a finding by the trial court that the appointment of counsel over the petitioner's objection would not be to his advantage. It may also be said the journal entry contains no finding which would indicate that such finding was not made. The stenographic transcript of the criminal proceeding upon which the petitioner was convicted in the district court of Labette County does not disclose an express finding by the trial court that the appointment of counsel over the petitioner's objection would not be to his advantage.

The question at hand was fully considered by this court in *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225, cert. den. 362 U. S. 970, 4 L. Ed. 2d 901, 80 S. Ct. 956, where the provisions of G. S. 1949 (now K. S. A.) 62-1304 were construed. The court there held where an accused waives his right to be represented by counsel pursuant to the provisions of 62-1304, *supra,* the finding of the trial court, that the appointment of counsel over the objection of the accused will not be to his advantage, need not be an express finding which the trial court state in the record of the trial proceedings. It was said such finding must, however, appear in the journal entry of the trial and judgment to show that such finding was in fact made.

In *Ramsey,* supra, the journal entry was corrected by a *nunc pro tunc* order to show that such finding was in fact made, and this court held the correction of the journal entry *nunc pro tunc* by the trial court was proper.

In the instant case the journal entry does not disclose that such finding was in fact made, and there is nothing in the record to show any correction of the journal entry by a *nunc pro tunc* order.

It is thus apparent the district court of Labette County failed to comply with the provisions of G. S. 1949 (now K. S. A.) 62-1304 in that the record required by the provisions of the statute, to prove that the trial court had jurisdiction to accept a plea of guilty, is insufficient. Under these circumstances the Labette County judgment of conviction is void.

The provisions of 60-1507, *supra,* state that a prisoner in custody under sentence of a court of general jurisdiction may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence.

It is argued by the state that the district court of Labette County is not the court which imposed the sentence the petitioner is now serving. The state thus contends the petitioner is entitled to no relief under 60-1507, *supra.*

Technically, it would appear that the petitioner is entitled to no relief under 60-1507, *supra.* But on the facts in this case the petitioner was thwarted in his efforts to make a direct attack upon the Labette County conviction in *State v. Chance,* 187 Kan. 27, 353 P. 2d 516, because he was then incarcerated in Leavenworth County, Kansas, and did not then have a statute such as 60-1507, *supra,* which was enacted as a part of the new code of civil procedure and did not become effective until January 1, 1964. Furthermore, the petitioner's efforts to have the sentence of the Linn County district court corrected by a direct attack in the sentencing court were also thwarted on the ground that he was making a collateral attack upon the judgment of the Labette County district court.

Under these circumstances a denial of the petitioner's right to attack the Labette County sentence in this proceeding would be nothing less than an arbitrary denial of the petitioner's right to his day in court.

A situation almost identical to that in the instant case was presented in *McCarty v. Hudspeth,* 166 Kan. 476, 201 P. 2d 658, by an original habeas corpus proceeding. There the petitioner was sentenced by the Wyandotte County district court under the habitual criminal act based upon two prior felony convictions. One of these prior convictions was in the Wyandotte County district court when the petitioner was sixteen years of age. The record in that proceeding disclosed he had no counsel at the trial. Under our decisions he should have had counsel appointed to represent him. Various contentions were advanced by the state as to why the peitioner was

entitled to no relief. Among these was an argument that the petitioner in a habeas corpus proceeding could not raise the question of the invalidity of his sentence, and that a collateral attack could not be made in a habeas corpus action. The court, however, took the case saying, "The law and the courts are not so impotent that such a result must follow," (p. 480) and granted relief.

Under all of the facts, conditions and circumstances of this case we think there is a sufficient thread connecting the sentence of the Linn County district court, which the petitioner is presently serving, to the Labette County conviction to authorize this proceeding in the district court of Labette County. It cannot be denied that but for the Labette County conviction the sentence of the Linn County district court would have been different. (See, G. S. 1949 [now K. S. A.] 21-609; 21-631; and 21-107a.) We therefore hold the petitioner is entitled to relief under 60-1507, *supra,* in this proceeding in the Labette County district court.

The judgment of the district court of Labette County is reversed with directions to vacate the judgment of conviction.