No. 45,521

WILLIE WILLIAMS, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(452 P. 2d 856)

Opinion filed April 12, 1969.

*Woody D. Smith*, of Topeka, argued the cause and was on the brief for appellant.

*Gene M. Olander*, County Attorney, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: Willie Williams is serving a sentence in the state penitentiary at Lansing, Kansas, for second degree burglary and larceny. The sentence was imposed by the District Court of Johnson County. The record before this court does not include a copy of the judgment of conviction. We are informed by appellant the sentence was doubled pursuant to the Habitual Criminal Act (K. S. A. 21-107a) based upon a prior conviction in the District Court of Shawnee County, Kansas.

Appellant filed the present proceeding in the District Court of Shawnee County pursuant to K. S. A. 60-1507. The appellant's motion for relief was denied and he has appealed.

Appellant states he entered a plea of guilty to attempted burglary in the second degree in the District Court of Shawnee County and was sentenced to the Kansas Industrial Reformatory at Hutchinson on October 29, 1958. He further states he completed that sentence and was discharged from confinement.

He alleges he was found guilty of second degree burglary and larceny by a jury in the District Court of Johnson County and was sentenced to the State Penitentiary at Lansing, Kansas, on May 2, 1960. The present proceedings were filed almost eight years later.

Appellant attacks the Shawnee county conviction because it was used to enhance the sentence he presently is serving from Johnson County. In view of our ultimate decision the basis for his attack becomes immaterial to this appeal. We do not reach the merits of his claim.

K. S. A. 60-1507 (*a*) provides:

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence."

The statute authorizes a prisoner in custody under sentence to move the court *which imposed the sentence* to vacate, set aside or correct the sentence. It is difficult to see how this could be stated more clearly.

The appellant is a prisoner in custody under sentence. The court which imposed the sentence is the District Court of Johnson County. If the sentence he is serving is to be corrected such proceeding must be filed in that court. Our reports are full of cases involving the use of this post conviction remedy. With but one exception, noted in the following paragraph, those cases have been processed in the court which imposed the sentence.

We are not unmindful of our decision in *Chance v. State*, 198 Kan. 16, 422 P. 2d 868. In that case the sentence imposed in Labette county had been served. The judgment of conviction had been entered in violation of the provisions of G. S. 1949 (Now K. S. A.) 62-1304 and was void on its face. The prisoner had previously attacked the judgment in Labette county. He filed a petition for writ of habeas corpus. He was thwarted in obtaining an adjudication because he was not present in that county. His attack on the judgment was made prior to the enactment of K. S. A. 60-1507.

Later attempts to attack the judgment were unsuccessful in both Labette and Linn counties after K. S. A. 60-1507 became effective. No decision was reached on the merits. Under the circumstances peculiar to that case a denial of petitioner's right to be heard on the merits would have been an arbitrary denial of his right to question a judgment void on its face. A court is not so impotent that such a result should follow. The case must be limited to the par-

ticular situation which confronted the court in that transition period. It does not apply to our present case. No post conviction remedy has been pursued by appellant in Johnson county.

The sentence which appellant attacks in the present case was imposed by the District Court of Johnson County. The provisions of K. S. A. 60-1507 (*a*) require the proceedings to be brought in the court which imposed the sentence. The present proceedings were improvidently filed in Shawnee county.

The judgment of the Shawnee County District Court denying appellant's motion for post conviction relief is affirmed.