No. 45,929

Howard B. Robertson, *Appellant*, v. State of Kansas, *Appellee*.

(478 P. 2d 196)

Opinion filed December 12, 1970.

*Charles E. Orcutt*, of Snyder and Orcutt, of Hutchinson, argued the cause and was on the brief for appellant.

*Raymond F. Berkley*, County Attorney, argued the cause and *Kent Frizzell*, Attorney General, *Kerry J. Granger* and *Larry A. Bolton*, Assistant County Attorneys, were with him on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: On October 31, 1967, Howard B. Robertson was sentenced as an habitual criminal for a period of not less than thirty years. He was tried and convicted of robbery in the first degree. The judgment and sentence were affirmed on a direct appeal in *State v. Robertson,* 203 Kan. 647, 455 P. 2d 570. Robertson thereafter filed a motion for relief from judgment and sentence under K. S. A. 60-1507. The motion was summarily denied and petitioner Robertson appeals.

The sole basis for Robertson's motion is:

"Petitioner was illegally and unconstitutionally sentenced under K. S. A. 21-107a for the reason he had no counsel in Case No. 6422, January 11, 1960, Reno County, Kansas; contrary to the Sixth and Fourteenth Amendment to the United States Constitution."

Case No. 6422 was a prior conviction used to enhance the penalty in the robbery conviction. When petitioner's motion came on for hearing the records of the court were examined by the judge and they disclosed the petitioner had had three prior felony convictions in Reno County. These were numbered Cr. 6422, Cr. 6522 and Cr. 6525. Petitioner attacks the judgment and sentence in case number Cr. 6422, but he does not quarrel with the two other prior convictions, Cr. 6522 and Cr. 6525.

The habitual criminal statute provides that a person convicted a third time of felony shall be confined for a period of not less than fifteen years. (K. S. A. 21-107a) No maximum period is mentioned in that statute.

K. S. A. 21-109 provides whenever an offender is declared by law punishable upon conviction by confinement for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed. K. S. A. 21-107a and 21-109 are to be construed together (*State v. Wood*, 190 Kan. 778, 793, 378 P. 2d 536) and the sentence of thirty years was proper on a showing of only two prior felony convictions. Assuming petitioner's conviction in case number Cr. 6422 was invalid, his conviction in cases numbered Cr. 6522 and Cr. 6525 would adequately support the sentence he received as an habitual criminal.

However, an examination of the record covering both the allocution and the journal entry in case number Cr. 6422 indicates the district court fully advised petitioner of his constitutional rights, including the right to counsel. Petitioner intelligently and understandingly waived his right to counsel in writing and the court, as set forth in the original journal entry of judgment, found the appointment of counsel over petitioner's objection would not be to his advantage. (See K. S. A. 62-1304 and *Lloyd v. State*, 197 Kan. 389, Syl. ¶ 3, 416 P. 2d 766.) Such a waiver of the right to counsel is binding upon an accused and is recognized by both state and federal courts. (*Lloyd v. State*, supra; *Carnley v. Cochran*, 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884.)

The case of *Chance v. State*, 198 Kan. 16, 422 P. 2d 868, relied on by petitioner, does not support his claim. It recognizes that a waiver of the right to counsel may be valid and binding upon an accused.

Under G. S. 1949, 62-1304 in effect when petitioner entered his plea in case Cr. 6422 the journal entry must show the court finds the appointment of counsel over the objection of the accused would not be to the advantage of the accused. Such a finding was specifically made and set forth in the journal entry.

It should be noted that 62-1304 was repealed July 1, 1969 by L. 1969, ch. 291 § 16 and the provisions of K. S. A. 1969 Supp. 62-3101 *et seq.*, relating to aid to indigent defendants replaced the former

law. However, G. S. 1949, 62-1304 controlled when petitioner was sentenced on January 15, 1960 in case number Cr. 6422.

Petitioner's final contention that he was entitled to a plenary hearing and counsel on his 1507 motion is without merit. His motion failed to present a substantial question of law or a triable issue of fact and in such case the court was not required to appoint counsel to assist petitioner or to hold a plenary hearing. (*Baier v. State,* 197 Kan. 602, 419 P. 2d 865; *King v. State,* 200 Kan. 461, 436 P. 2d 855.)

The judgment denying relief on petitioner's motion is affirmed.

FONTRON, J., not participating.