NOT DESIGNATED FOR PUBLICATION

No. 122,966

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLINT E. WOODS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Opinion filed December 10, 2021. Appeal dismissed.

*Wendie C. Miller*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: While a prisoner is serving a sentence, they can file a motion under K.S.A. 60-1507 to collaterally attack their sentence. But once the prisoner is no longer serving the sentence, that avenue of attack is closed.

Clint E. Woods filed a 60-1507 motion seeking to withdraw his plea in a 1997 case for which he completed his entire sentence in 2003. The motion was dismissed, and Woods appeals. Because Woods is no longer serving a sentence in this case, we have no

1

jurisdiction to entertain his untimely 60-1507 motion. Accordingly, his appeal is dismissed for lack of jurisdiction.

FACTUAL AND PROCEDURAL HISTORY

In 1997, Woods, a minor at the time, was charged with two counts of aggravated criminal sodomy. The district court authorized the prosecution of Woods as an adult. Woods pled to one count of aggravated indecent solicitation of a child in late 1997. As a result of his plea, Woods received a prison term of 19 months, but was released on a 24-month term of probation. His probation was subsequently revoked, and he completed his sentence in August 2003. See *Woods v. State*, No. 121,444, 2020 WL 4379037, at *1 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. 1046 (2021) (*Woods I*).

In October 2017, nearly 20 years later and while in custody on a different case, Woods filed a motion in this case "[t]o Withdraw Unvoluntary Plea of No Contest Pursuant to K.S.A. 60-1507." In his motion, Woods alleged that his plea in the 1997 case was coerced, unjust because of judicial misconduct, and that he had ineffective counsel. He also alleged that the failure to grant his motion would result in manifest injustice.

The district court noted that Woods was not in custody on the 1997 case, that he had filed previous 60-1507 motions with similar allegations, and that he failed to set out facts sufficient to show manifest injustice. As a result, the district court denied the motion.

Woods then sought leave to amend his motion, which the district court denied. Woods did not appeal the district court's decisions. Instead, he filed a new motion under K.S.A. 60-1507.

2

In his new motion, Woods again sought to withdraw his plea in the 1997 case. The district court denied the motion in May 2018. Woods appealed the decision to this court and this court affirmed the district court's summary dismissal of Woods' motion. *Woods I*, 2020 WL 4379037.

While his appeal was pending, Woods filed another motion, again in this case, under K.S.A. 60-1507, alleging that the complaint in his 1997 case was statutorily insufficient and that the district court lacked jurisdiction. In his motion, Woods argued that the district court erred when it accepted his plea because the crime of conviction was not a lesser included offense of the crime charged. He also raises several arguments which involve evidentiary matters in the 1997 case.

The district court summarily denied Woods' motion, finding that the State filed an amended complaint in the 1997 case, Woods' motion was untimely, and he failed to demonstrate manifest injustice.

Woods timely appealed the district court's denial of his motion.

ANALYSIS

On appeal, Woods argues that the district court erred by summarily denying his motion because: his plea was to an offense that was not a lesser included offense to the crimes charged, the complaint was defective, and the trial court lacked jurisdiction. But before addressing the merits of his claim, this court must determine whether it has jurisdiction over the case. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017).

3

This court addressed essentially the same issue in *Woods I*. The court began by noting that Woods was—and still is—incarcerated, but that he is serving a sentence in another criminal case that is unrelated to the appeal before the court. 2020 WL 4379037, at *1. This remains true in the current case.

> "A prisoner *in custody* under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added.) K.S.A. 2020 Supp. 60-1507(a).

We say it again. Relief under K.S.A. 60-1507 is only available while a person is "'in custody under sentence.'" *Mundy v. State*, 307 Kan. 280, 286, 408 P.3d 965 (2018). And "a prisoner's rights must be determined as of the date the 60-1507 motion is filed." 307 Kan. at 287. When a prisoner files a motion under K.S.A. 60-1507 and is not serving the sentence that they are attacking, the prisoner cannot obtain relief under K.S.A. 60-1507. See *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020). No matter how many 60-1507 motions Woods files in this case, the answer is the same.

Woods seeks to avoid this result the same way he tried to avoid it in *Woods I*. He argued then and now that he remains in "'custody'" for purposes of filing a 60-1507 motion because of his continuing obligation to register as a sex offender under the Kansas Offender Registration Act (KORA). *Woods*, 2020 WL 4379037, at *2. He relies on *Piasecki v. Court of Common Pleas, Bucks County, PA*, 917 F.3d 161, 166 (3d Cir. 2019), which found that custody was not limited to physical custody in an action brought under 28 U.S.C. § 2254(a) (2018). The court found that sex offender registration requirements were sufficiently restrictive to constitute custody. 917 F.3d at 170. But in

4

reaching its conclusion, the court in *Piasecki* recognized that it was departing from decisions by all other circuits which had considered the matter. 917 F.3d at 172. One of those is the Tenth Circuit Court of Appeals. Like its sister circuits, it has specifically found, contrary to *Piasecki*, that the ongoing registration requirements of sex offenders in Colorado does not satisfy the custody requirement for federal habeas relief. See *Calhoon v. Attorney General of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014).

Since *Woods I*, our Supreme Court has reiterated its position that KORA is a nonpunitive regulatory scheme. *State v. Davidson*, 314 Kan. 88, 93-94, 495 P.3d 9 (2021). Moreover, Woods argument proved unpersuasive to the panel in *Woods I*. He filed a petition for review with the Supreme Court and it was denied. See *Woods I*, 2020 WL 4379037, at *1. Woods argument is no different than the one we have already rejected.

Finally, Woods, as he did in *Woods I*, argues that like the defendant in *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002), the acts that formed the basis for his guilty plea did not constitute a crime. So like *Peter*, he should be able to raise the issue as a *writ of coram nobis* indicating a lack of jurisdiction to accept a plea to an offense that is not a crime. 310 F.3d at 716.

A *writ of coram nobis* is a common-law writ of error "used to bring for review or modification a previous judgment of the court, because of some error of fact, and not of law, affecting the validity of the judgment, and *not brought in issue at the trial*." *State v. Miller*, 161 Kan. 210, 212, 166 P.2d 680 (1946). The writ "cannot be used to obtain a review of the facts presented to the court at the trial, or which might have been so presented at that trial by the exercise of diligence." *Dobbs v. State*, 63 Kan. 321, 324, 65 P. 658 (1901).

5

Woods reliance on *Peter* and its holding continues to be unpersuasive for no less than five reasons.

First, Woods never attempted to file a *writ of coram nobis.* His action was explicitly filed under K.S.A. 60-1507. "While courts must liberally construe pro se pleadings, courts need not surmise all possible interpretations of a pro se pleading if a defendant has styled his or her motion as one for relief under a specific statute and advances substantive arguments related to that specific statute." *State v. Valdez*, 314 Kan. ___, Syl. ¶ 4, 2021 WL 5272553 (No. 122,444, filed November 12, 2021).

Second, even if he had, *writs of coram nobis* were legislatively abolished in 1963. L. 1963, ch. 303, 60-260; see K.S.A. 2020 Supp. 60-260(e).

Third, Woods asserts that the district court lacked jurisdiction because it accepted his plea to a crime that was not a lesser included offense of one of the crimes *originally* charged. However, he ignores the fact that the State filed an amended information which charged Woods with the crime he ultimately pled to.

Fourth, Woods' argument that the amended complaint was defective lacks substance. He fails to establish how his particular complaint was defective, beyond his assertion that it was too vague and that the State could not prove what information it did provide. The amended information followed the language of the statute in effect at the time. It alleged that Woods committed aggravated indecent solicitation of a child by enticing or soliciting a child, named in the amended information, under the age of 14 to commit or to submit to an unlawful sexual act. See K.S.A. 21-3511 (Furse 1995). The amended information also included the date the act was alleged to have occurred.

6

Fifth, Woods' argument proved unpersuasive to the panel in *Woods I*. He filed a petition for review with the Supreme Court and it was denied. Woods' argument is no different than the one we have already rejected.

The district court lacked jurisdiction to consider Woods' motion under K.S.A. 60-1507 and did not err by summarily dismissing it.

Appeal dismissed.